Aloina M. White, as Administratrix of the Estate of
Jesse H. White, Deceased, Respondent, *v.* Lehigh
Valley Railroad Company, Appellant.

Negligence — master and servant — railroads — death of brake-
man caused by fall from top of freight car — no evidence that
alleged defects in roof of car caused the fall of plaintiff's intestate.

1. When the precise cause of an accident is left to conjecture and
may be as reasonably attributed to a condition for which no liabil-
ity attaches as to one for which it does, then the plaintiff is not
entitled to recover, and the evidence should not be submitted to the
jury.

2. This action is to recover damages for the death of plaintiff's
intestate. It is claimed by plaintiff that the death of decedent was
caused by certain defects in and about the roof of a car from which
he fell while switching it on a siding. There is no evidence to show
the relationship of cause and effect between the defects alleged and
the injury to decedent. Judgment for plaintiff entered on the
verdict must, therefore, be reversed.

*White* v. *Lehigh Valley R. R. Co.*, 171 App. Div. 889, reversed.

(Argued December 13, 1916; decided February 27, 1917.)

Appeal from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered October 28, 1915, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*John M. Brainard* for appellant. The cause of the
accident and of defendant's alleged negligence is not
pointed out by plaintiff. There is a total failure of proof
in this respect. (*Nellis* v. *McLaughlin*, 79 App. Div. 470;
*Owen* v. *Retsof Mining Co.*, 102 App. Div. 130; *Conlin*
v. *Rodgers*, 39 N. Y. S. R. 51; *Dobbins* v. *Brown*, 119
N. Y. 188.) The proximate cause of the accident was the

stoppage of the car, respecting which no negligence of defendant is shown, and neither the upturned end roof board nor the tilted running board was in any way connected with it. (*Laidlaw* v. *Sage,* 158 N. Y. 73; *Trapp* v. *McClelland,* 68 App. Div. 362.) That the alleged defects, to wit, the upraised end roof board or the tilting up of the end of the running board beyond the roof of the car had any connection with the accident is mere conjecture and speculation. (*Dobbins* v. *Brown,* 119 N. Y. 188; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *Fitzgerald* v. *N. Y. C. & H. R. R. R. Co.,* 154 N. Y. 263; *Laidlaw* v. *Sage,* 158 N. Y. 73; *Scharff* v. *Jackson,* 216 N. Y. 598.) If it is as probable that the accident was due to the stoppage of the car as to the defects alleged by plaintiff, she has failed in her attempt to make out a cause of action. (*Searles* v. *Manhattan Ry. Co.,* 101 N. Y. 661; *Sweet* v. *Perkins,* 196 N. Y. 482; *Grant* v. *P. & N. Y. C. & R. R. Co.,* 133 N. Y. 657; *Nellis* v. *Laughlin,* 79 App. Div. 470; *Owen* v. *Retsof Mining Co.,* 102 App. Div. 130; *Sabatino* v. *Roebling Construction Co.,* 136 App. Div. 217; *McGinnis* v. *N. Y. C. & H. R. R. R. Co.,* 144 App. Div. 835; *Conlin* v. *Rodgers,* 39 N. Y. S. R. 51.)

*A. Lee Olmsted* for respondent. The plaintiff's intestate was injured and killed by reason of the defects in the condition of this car. (*Plank* v. *N. Y. C. & H. R. R. R. Co.,* 60 N. Y. 607; *Ainsworth* v. *N. Y. C. & H. R. R. R. Co.,* 151 App. Div. 332; 208 N. Y. 621; *Sutton* v. *Erie R. R. Co.,* 145 App. Div. 122; 205 N. Y. 614; *Jones* v. *N. Y. C. & H. R. R. R. Co.,* 28 Hun, 364; 92 N. Y. 368; *O'Keefe* v. *Great Northern El. Co.,* 105 N. Y. 8; *Wilson* v. *N. Y. Const. Co.,* 129 App. Div. 125; *Noble* v. *N. Y. C. & H. R. R. R. Co.,* 20 App. Div. 40; *Fordham* v. *Gouverneur Village,* 160 N. Y. 541; *Sharp* v. *Erie R. R. Co.,* 184 N. Y. 100; *Wazenski* v. *N. Y. C. & H. R. R. R. Co.,* 180 N. Y. 466; *Galvin* v.

*Mayor of New York,* 112 N. Y. 223; *McHugh* v. *Manhattan Ry. Co.,* 179 N. Y. 378.)

COLLIN, J.   The action is to recover damages for the neglect of the defendant by which the death of plaintiff's intestate was caused.   The Appellate Division by a decision not unanimous affirmed the judgment consequent upon the verdict of the jury in favor of the plaintiff.

The governing facts are:   In the passage of a freight train of the defendant from Auburn, New York, to Sayre, Pennsylvania, it became necessary, at about ten o'clock in the evening of June 18, 1913, to back twelve or more cars northerly upon a siding.   The decedent was, and had been through the last prior year, a brakeman in the employ of the defendant.   It became his duty to ride upon the rear end of the first car which passed northerly upon the siding, or, in other words, upon the north end of the north car, and to observe where that end stood, when it was stopped, with reference to a switch track upon the west of and leading from the siding.   As the train was stopping, the decedent fell off that end of that car to the track and was killed by the fall.   The plaintiff claimed upon the trial that the fall of the decedent was caused solely by defects in and about the roof of the car.   The defendant at the close of the entire evidence moved for a nonsuit upon the ground, among others, that those defects were not the proximate cause of the fall.   The motion should have been granted.

The car was a box freight car of the ordinary type, about thirty-four feet long.   Upon the middle part and lengthwise of its roof was a running board, two feet wide, constructed of three planks placed side by side and nailed at intervals of about three feet to cleats fastened to the top of the car.   It extended about fourteen inches beyond either end of the car.   The extension was upheld by a cleat to which the ends of the planks were nailed, and which, in turn, was fastened to two brackets or braces

extending to and fixed to the end of the car. The proven defects in the running board were that at a point about twelve feet from the south end of the car the end of one of the planks stuck up about one and one-half inches, and at a point fourteen feet or more from its north end two nails in one plank and the ends of two planks were sticking up somewhat. The ends of the planks resting upon the cleat and bracket beyond the north end were loose and tilted up. Other defects were: the board at the north edge of the roof, extending from the center to the west side of the car and resting upon the end rafter of the car, end siding and facia board was loose and tilted so that its inside edge was above the edge of the adjoining board and a part of the facia board, immediately underneath it and nailed to the end of the car, was gone. The siding on the ends and side was broken in places.

The decedent was last seen alive when the car upon which he was riding was about one hundred and fifty feet from the place where it was brought to a stop. He was then standing with his lantern in his hand, on the top of the car, a little ways back from its north end and between that end and the center. After the signal to stop had been given and just as the cars came to a stop, the lantern of the decedent was seen falling from the north end of the car to the ground. The jerk of the car, as it stopped, was not greater than that usual or ordinary from the stopping of freight cars. The backing and stopping were carefully done. There always is some jerk when a train of cars such as that here involved is stopped. The testimony is silent as to the conduct of the decedent intermediate the last view of him standing upon the car and his falling.

The theory of the respondent, as expressed in his brief and argument, is, that the decedent stumbled on either the protruding nails or raised ends of the planks near the center of the car and was thrown as the car came to a stop and was prevented from saving himself by the upturned roof board and the tilting end of the running

board. He expressly disclaims the theory that he tripped upon either the roof board or the extreme end of the running board. The theory of the appellant is that the decedent in observing the location of the crossover switch, as related to the car, stepped to the extreme end of the car and that the jerk connected with the stopping was the sole cause of his falling and death.

The trial justice could not rightly submit to the jury the question as to whether or not the wrongful neglect of the defendant caused the death of the decedent unless the evidence fairly tended to establish the fact that one or more of the defects was the proximate cause of the falling and death of the intestate. In order to establish a defect as the proximate cause, it was necessary that a causal connection be shown between the defect and the death; that the defect must have been the cause which effected the injury. Although there was not direct or positive proof as to the cause of the falling, the manner and circumstances of the occurrence and all the accompanying surroundings, as proven, might be scrutinized and studied in order to ascertain and determine whether or not an inference that a defect caused the death was reasonable and in case an inference that it caused the death was reasonable, whether or not such inference was the only one which could fairly and reasonably be drawn from the facts. If the facts are as consistent with the appellant's theory as with the respondent's, the plaintiff should have been nonsuited. It was not sufficient for the plaintiff to show that a defect might have caused the fall and death, if the circumstances indicate an equal probability that they were due to some other cause. The plaintiff was bound to make out her case by the preponderance of evidence. The jury must not be left to mere conjecture, and a bare possibility that the fall was caused in consequence of the negligence of the defendant is not sufficient. When the precise cause of an accident is left to conjecture and may be as reasonably

attributed to a condition for which no liability attaches as to one for which it does, then the plaintiff is not entitled to recover, and the evidence should not be submitted to the jury. (*Scharff* v. *Jackson*, 216 N. Y. 598; *Parmelee* v. *Chicago, M. & St. P. Ry. Co.*, 158 Pac. Rep. [Wash. Sup. Ct., July 11, 1916] 977; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Searles* v. *Manhattan Railway Co.*, 101 N. Y. 661; *Delaware & Hudson Co.* v. *Ketz*, 233 Fed. Rep. 31; *Reddington* v. *City of Philadelphia*, 253 Penn. St. 390.) A plaintiff is not, however, required to point out the particular act or omission which caused the accident. It is enough if he shows facts and conditions from which negligence of a defendant and the causation of the accident by the negligence may be reasonably and legitimately inferred. (*Byrne* v. *Boston Woven Hose & R. Co.*, 191 Mass. 40.)

The facts and conditions here reasonably support the appellant's theory rather than the respondent's. In case the decedent was, as the car stopped, walking northerly at the point, at least fourteen feet from the north end of the car, where the nails and the ends of the planks "stuck up," the reasoning mind rejects the inference that he so stumbled there as to be projected over the north end of the car. It is patent beyond the possibility of discussion that the upturned roof board at the extreme edge of the car roof or the tilted end of the running board beyond the roof could not have operated in any way to have aggravated the effect of such a stumbling. Those defects would not have been reached until the falling was practically begun. In case the decedent was standing at the point in question the mind cannot conceive a stumble on his part which would have caused him to fall as he did. There is not the slightest evidence to show the relationship of cause and effect between the protruding nails and raised ends of the planks and the fatal injury of the decedent. Inasmuch as the respondent admits, and properly and necessarily, that the other

defects did not contribute to the death, otherwise than as obstacles in an effort of the decedent to save himself after he had stumbled over the nails or planks, the reasons for our concurrence in that conclusion need not be further stated.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CHASE, CUDDEBACK, CARDOZO and POUND, JJ., concur; HOGAN, J., concurs in result.

Judgment reversed, etc.