BUDD BOYER, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Fourth Department, June 30, 1931.

*Perry E. Leary,* for the appellant.

*Clifford H. Searl,* for the respondent.

TAYLOR, J. On January 27, 1928, Ralph Clawson, an employee of defendant, was operating a motor car, ordinarily called a " speeder," northerly upon the tracks of the defendant. He was seated at the rear end of the car, and plaintiff, who was also an

employee of defendant, under Clawson as foreman, was seated on the front end of the car. As they reached a place where the tracks curved slightly to the west some dogs came out and ran along near the car, and the car went off the rails causing serious injury to plaintiff. He has recovered in this action against the defendant, which appeals.

Plaintiff testified as to the brakes on this speeder not working and the car leaving the track at times before the day in question. But he gave no testimony concerning the accident, had no recollection of what happened on that day, although he could and did testify as to what occurred the day before and at times prior to that. Other testimony was given at the trial that the brakes on the motor car had been out of order, would not work properly, caused the car to leave the rails more than once, and that these circumstances were reported to a proper representative of defendant and a request made for another car. Including this testimony, there was probably sufficient evidence to warrant a verdict for plaintiff, had it not been for the testimony later to be mentioned and the law of the case as stated in the charge.

There were introduced in evidence Exhibits 11 (A, B), 14 (A, B and C), 15 (A and B) and 16. The five Exhibits 14 and 15 were slips filed by plaintiff and Clawson to obtain payments from an employees relief fund. Plaintiff and Clawson substantially admitted that they signed these slips and there was ample testimony of other witnesses that they did. In each of them it is stated that the motor car was " derailed by a dog." Exhibit 16 was a telegram which one of defendant's witnesses, Edward L. Forest, testified that he sent to the superintendent of the division upon telephone dictation from Clawson so to do. This telegram states that the accident in question " was caused by dog which ran in front of motor No. 677-A derailing same." In Exhibit 11 (A, B) Clawson also states that the " accident was due in no respect whatever to any condition of the track or motor car, and was entirely due to the dog." The witnesses Dr. Frank H. Snyder, Freese (a brother-in-law of Clawson), Van Wormer and Fisher, all testified that Clawson stated to them some time after the accident that the speeder hit a dog; and Clawson did not testify at the trial that the speeder did not hit a dog. Clawson was the only witness, except plaintiff, who testified concerning the accident.

The court correctly charged the jury, in substance, that if the damages in the action had been occasioned by one of two causes for one of which defendant was responsible and for the other of which it was not, the plaintiff must fail if the evidence did not show that the damage was produced by the cause for which defend-

ant was responsible. This means that if it was just as probable from the testimony that the derailment was caused by the motor car hitting a dog as because the brakes were defective, the verdict cannot stand, it having been a general verdict. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131, 135, 136; *Francey* v. *Rutland R. R. Co.*, 222 id. 482, 486; *Searles* v. *Manhattan R. Co.*, 101 id. 661, 662.)

A finding that the derailment was caused otherwise than by the speeder colliding with a dog would have been against the weight of the evidence. For this reason and for the other reasons hereinbefore given, the judgment and order appealed from should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.