JESSIE B. INGERSOLL, as Administratrix of the Estate of ROBERT H. INGERSOLL, Deceased, Appellant, *v.* LIBERTY BANK OF BUFFALO, Respondent.

2

Argued March 18, 1938; decided April 13, 1938.

*John L. Heider* for appellant. The plaintiff established the negligence of the defendant in maintaining a defective stairway. (*Brenner* v. *Landsmann Co.*, 181

App. Div. 331; *Cahill* v. *Kleinberg*, 233 N. Y. 255.) The question of causal connection was properly submitted to the jury. The inference upon which defendant's liability is predicated is based on direct evidence and not upon conjecture or speculation. (*Warner* v. *N. Y., O. & W. Ry. Co.*, 209 App. Div. 211; 239 N. Y. 507; *Swistak* v. *Erie R. R. Co.*, 208 App. Div. 553; *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Wildigg* v. *City of Brooklyn*, 80 Hun, 602; 145 N. Y. 640; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Galvin* v. *Mayor*, 112 N. Y. 223; *Maslin* v. *Childs*, 146 App. Div. 174; *Bornstein* v. *Faden*, 149 App. Div. 37; 208 N. Y. 605; *Smith* v. *State*, 151 App. Div. 810; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Stump* v. *Burns*, 219 N. Y. 306; *Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 N. Y. 301; *Frate* v. *State*, 245 App. Div. 442; *Tortora* v. *State*, 269 N. Y. 167; *Fish* v. *Estate of McCarthy, Inc.*, 224 App. Div. 160.)

*Frank Gibbons* and *E. C. Markel* for respondent. There was no causal connection between the existence of the alleged defect and the injury to plaintiff's intestate. (*Lopez* v. *Campbell*, 163 N. Y. 340; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Scharff* v. *Jackson*, 216 N. Y. 598; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Schmidt* v. *Michel Brewing Co.*, 221 N. Y. 228; *Lamb* v. *Union Ry. Co.*, 195 N. Y. 260; *Warner* v. *N. Y., O. & W. Ry. Co.*, 209 App. Div. 211; *Szpyrka* v. *International Ry. Co.*, 213 App. Div. 390; *Cantor* v. *National Surety Co.*, 208 App. Div. 370.) The words spoken by the decedent were merely a narrative of a past transaction, and not admissible in evidence for any purpose. (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274; *Martin* v. *New York, N. H. & H. R. R. Co.*, 103 N. Y. 626; *People* v. *Del Vermo*, 192 N. Y. 470; *Greener* v. *General Electric Co.*, 209 N. Y. 135; *Hill* v. *Erie R. R. Co.*, 221 App. Div. 518; *People* v. *Sprague*, 217 N. Y. 373; *People* v. *Lewis*, 238 N. Y. 1; *People* v. *Strewl*, 246 App. Div. 400.)

FINCH, J. Did the plaintiff establish a *prima facie* case sufficient to warrant submission to the jury of the questions of negligence on the part of the defendant and its causal connection with the injury to the decedent?

In this action for personal injuries based on negligence, the jury returned a verdict in favor of the plaintiff, and the trial court denied a motion for a new trial. Upon appeal, the Appellate Division unanimously reversed in a memorandum opinion in which *inter alia* it was said: " Assuming that the stairway in question was defective and that the defect was due to the negligence of the defendant, there is no causal connection between the existence of the defect and the injury to the plaintiffs' intestate." (252 App. Div. 921.)

The verdict of the jury was supported by the following facts: The decedent was the lessee of the lower apartment of a two-family house owned by the defendant. The tenants of both apartments used the basement and the one stairway leading thereto. This stairway was constructed of wood, and the treads were badly worn, shaky and loose at the back. The bottom step had been cracked and had been nailed back on; the second step from the bottom also was cracked for several inches at the center. This condition was called to the attention of representatives of the defendant, and one of them looked at the step but, although other portions of the house were repaired, the carpenters were not authorized to and failed to repair the stairway.

On the morning of the accident the plaintiff had occasion to go down to the basement, and she found the stairs in the condition described above. Thereafter, plaintiff and her husband, the decedent, were away from the house for several hours, and when they returned a neighbor informed them that a box addressed to the decedent had been delivered at the home of the neighbor. The decedent, a large man weighing 214 pounds, brought the box into the house and placed it in the kitchen. The

box was a corrugated paper carton, seventeen and one-half inches long, seventeen and one-half inches wide, and twelve and one-half inches high, and weighed thirty-two pounds. About twenty minutes after he had brought the box into the kitchen, the decedent picked it up and started down the stairs to the basement. Plaintiff then heard a crash. She ran to the stairway, which was only four or five steps from where she was standing, and saw the decedent " at the foot of the stairs leading to the basement, on the basement floor, grasping at his chest." The decedent said, " Something broke," and then as part of the same sentence, he said, " Something gave away in here," and pointed to his chest.

After assisting the decedent upstairs, the plaintiff inspected the stairway and found that a piece had broken off from the tread of the second step up from the bottom. The appearance of both the tread and the broken piece showed that there was an old crack in the tread, partly filled by paint which had been applied more than four years prior to the accident. The broken piece was thirteen inches in length and about one and one-fourth inches at its widest point.

Several months after the accident the decedent died. At the trial there was medical testimony that the accident was the cause of his death.

The plaintiff contends that the decedent, while carrying the box, stepped on the tread of the second step, and that the defective edge broke off and caused him to lose his balance and fall. The defendant contends that the decedent fainted or, because of physical weakness, lost his footing, and that the tread was broken by the carton which had fallen from the hands of the decedent or had slid down the steps. The trial court submitted to the jury the question as to which inference should be drawn. The jury heard the evidence, examined the tread and the broken piece and the carton, and found a verdict in favor of the plaintiff. The Appellate Division reversed

and dismissed the complaint on the ground that the plaintiff had failed to show a causal connection between the defect in the stairway and the injury to the plaintiff.

The plaintiff asserts that the inference which the jury drew is the normal and reasonable inference to be drawn from the facts. The decedent, in descending the stairs, would have to step on the defective tread. It is natural for a defective tread to give way when a large man, weighing 214 pounds and carrying a thirty-two pound package steps upon it. Although the piece which broke off was not large, it was large enough to cause the decedent to lose his balance, especially when he was carrying a package in front of him. There is conclusive proof that the step was broken by some force or weight while the decedent was attempting to take the package to the basement. The defendant does not contend that the step was not broken, but argues that a fair inference to be drawn is that the decedent became faint or suffered a heart attack as he was descending the stairway, and dropped the box so that it struck the defective tread, causing it to break, or that the carton broke the tread when the decedent slid it down the stairway.

Although the explanation of the facts offered by the defendant is a possible one, it is of remote probability. It is extremely unlikely that the decedent slid the box down in such manner that it struck the tread and broke it and that immediately thereafter he fainted or suffered a heart attack and fell down the stairs. It also is unlikely that he fell as a result of fainting or a heart attack and in doing so dropped the package on the tread which broke. Apparently the corrugated paper carton showed no marks which one would expect to find on such a box if it had struck a step with sufficient force to break a piece off the tread. In addition, in order for the box to strike the second step, the decedent must have dropped it while he was well above the step and thus not only the box but his body would have shown bruises which naturally

would result from a fall down several steps. His body, however, showed no such bruises and what the box showed was a question for the jury.

Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury. (*Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188; *Digelormo* v. *Weil,* 260 N. Y. 192.) This does not mean that the plaintiff must eliminate every other possible cause. " The plaintiff was not required to offer evidence which positively excluded every other possible cause of the accident." (*Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166.) The existence of remote possibilities that factors other than the negligence of the defendant may have caused the accident, does not require a holding that plaintiff has failed to make out a *prima facie* case. It is enough that he shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred. (*Stubbs* v. *City of Rochester,* 226 N. Y. 516.)

In *Fordham* v. *Gouverneur Village* (160 N. Y. 541, 548), in the course of laying a pipe line under the sidewalk of a bridge, work holes were cut in the planks of the sidewalk. At night these holes were covered by loose planks. Deceased left her home, intending to cross the bridge and soon thereafter was found on the sidewalk trying to get up. She had suffered injuries which necessited amputation of her leg at the knee, and death followed. There was evidence that one of the planks was higher than the rest of the walk. In reversing an affirmance of a nonsuit this court said: " What are the natural and reasonable inferences to be drawn from these facts? To our minds the first inference is very strong, almost amounting to a conviction beyond a reasonable doubt, and that is that

she received her injury at that place and upon that plank * * *. We think that upon the whole evidence the question was for the jury and that it might have found from the facts and the inferences drawn therefrom that the injury was produced by stumbling over this plank."

In *Tortora* v. *State of New York* (269 N. Y. 167, 170) the claimant was injured when a heating stove exploded. The court there said: " Inference is never certainty, but it may be plain enough to justify a finding of fact. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622.) "

In *Stubbs* v. *City of Rochester* (*supra*), where the plaintiff brought suit on the ground that he had become ill by reason of drinking contaminated water supplied by the defendant, a new trial was granted, the court pointing out that it was not essential for the plaintiff absolutely to eliminate all of the other causes from which the disease of the plaintiff might have been contracted, (Cf. *Maloney* v. *Kaplan*, 233 N. Y. 426; *Comstock* v. *Wilson*, 257 N. Y. 231.)

The case of *Scharff* v. *Jackson* (216 N. Y. 598), relied upon by the Appellate Division, is not authority against the plaintiff. In that case bags of cement which had been piled in a warehouse fell and struck the plaintiff who was engaged in loading such bags on a truck. It was held that the plaintiff had not proven a *prima facie* case, because the accident with *equal* reasonableness might have been accounted for on the theory that the bags fell because of improper piling or because they had been undermined by the plaintiff when he removed the other bags. In *White* v. *Lehigh Valley R. R. Co.* (220 N. Y. 131) the court pointed out that there was not the slightest evidence to show the relationship of cause and effect between the negligence of the defendant and the fatal injury to the decedent.

In the case at bar the natural and reasonable inference is that the plaintiff was descending the stairway with the box, when the defective tread broke under his foot and caused him to fall. There was evidence that the

decedent suffered from heart disease, and the jury might have reached the conclusion that he fell because of heart attack or dizziness. The question was one for the jury and the complaint should not have been dismissed.

This leads to a reversal. A new trial, however, must be granted. The trial court permitted the plaintiff to testify concerning a statement that her husband made after the fall, to the effect that something broke. To the extent that this might be interpreted by the jury as a statement that the step had broken, it was not a part of the *res gestæ* and, therefore, inadmissible. (*Waldele* v. *N. Y. Central & H. R. R. R. Co.*, 95 N. Y. 274; *Greener* v. *General Electric Co.*, 209 N. Y. 135.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN and LOUGHRAN, JJ., concur; HUBBS and RIPPEY, JJ., vote for reversal and reinstatement of the verdict.

Judgments reversed, etc.