(June 2, 1944.)

OLLIE WELLS, as Administratrix of the Estate of JOHN WELLS, Deceased, · Respondent, *v.* THABER REALTY COMPANY, Appellant.

*Per Curiam.* The action is to recover for the wrongful death of plaintiff's intestate. Relying wholly upon circumstantial evidence, plaintiff attempted to establish that the fall of the deceased down a staircase in the building where he resided was caused by a defective step. The deceased sustained a fracture of the skull and died the next day. At the hospital to which he had been removed on the night of the accident, it was found that he was " alcoholic." A chemical analysis of the brain made at the autopsy showed " Ethyl alcohol present in fair amount 2 plus."

Though circumstantial evidence may be sufficient to support an inference of causation or of negligence, or both (*Dillon* v. *Rockaway Beach Hospital,* 284 N. Y. 176, 179; *Ingersoll* v. *Liberty Bank of ·Buffalo,* 278 N. Y. 1; *White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 131, 136), upon the record here the jury's finding that there was a causal connection between the alleged defective condition of the stairs and the deceased's fall is contrary to the weight of the credible evidence. The judgment should, accordingly, be reversed and a new trial ordered, with costs to appellant to abide the event.

Martin, P. J., Untermyer and Cohn, JJ., concur; Townley and Dore, JJ., dissent and vote to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.