Per Curiam.

Plaintiff’s intestate, a taxicab driver, was drowned when a taxi which he operated fell into a creek at the *170 foot of 5th Street, a public street in the borough of Queens. The end of the street was guarded by a stringpiece, variously estimated as from ten inches to eighteen inches in height, and by a stanchion, bearing a “ Dead End ” sign with two red lights, situated in the center of the street at the water’s edge. There were no witnesses to the accident, which the parties apparently assume occurred during the early hours of Saturday, May 18, 1946. There was no direct proof, however, as to when the accident happened, the record being silent as to decedent’s movements from 1:00 a.m. on that date, when he left Astoria with three passengers, until the stringpiece was found to be broken on Sunday, May 19, 1946, and the taxicab later that day was observed in the creek.
It is plaintiff’s theory that the defendant failed in its duty to keep the street in a reasonably safe condition for public travel and that the safeguards there maintained were inadequate under the conditions existing on the night the accident allegedly occurred. That claim is predicated upon evidence, which the jury was justified in accepting, that the early morning of May 18, 1946, was dark and rainy; that 5th Street continued on the other side of the creek and that the reflections of the street lights on the wet road were similar to the reflections on the water of the creek, so that the street presented a continuous uninterrupted appearance; and that the creek itself could not be seen until one was within a few feet therefrom. Defendant contends that the warning stanchion and street light at the foot of 5th Street, together with the stringpiece, constituted ample notice of the presence of the creek; that the lights on the stanchion and the street light were lighted; that it was not negligent; and that the accident was due to decedent’s contributory negligence caused by his intoxication. There was proof that decedent had had at least three drinks of liquor on the night of the alleged occurrence, and analysis after the autopsy disclosed a quantity of alcohol in his brain, which, according to defendant’s expert witness, was sufficient to cause intoxication. There was also evidence that the stanchion lights and street light were illuminated on the night in question. The jury rendered a verdict in favor of plaintiff and from the judgment entered thereon defendant appeals, claiming that there was no proof of negligence, that the evidence conclusively established the cause of the accident to be intestate’s contributory negligence, and that the verdict was against the weight of the evidence.
*171 In our opinion the record presented a question of fact as to negligence and contributory negligence and the verdict was supported by sufficient proof. In a death action the plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence. (Noseworthy v. City of New York, 298 N. Y. 76.) While the burden of proving defendant’s negligence and the proximate cause of the accident still is on the plaintiff, those essential elements may be established by circumstantial as well as direct evidence. It is enough to show facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred (Ingersoll v. Liberty Bank of Buffalo, 278 N. Y. 1); and in order to establish defendant’s negligence plaintiff is not required to exclude or eliminate every other possible cause (Rosenberg v. Schwartz, 260 N. Y. 162), or ■ point out the particular act or omission which caused the injury. (White v. Lehigh Valley R. R. Co., 220 N. Y. 131.) The proof in the case at bar was sufficient to justify the jury in finding that the accident occurred during the night, as alleged by plaintiff, and that the proximate cause thereof was defendant’s negligence in failing to keep the street in a reasonably safe condition. Those inferences rest upon the circumstances proved, and may be termed “ parallel inferences ” based upon the same facts. (Cf. Allen v. Stokes, 260 App. Div. 600; Lowy v. Green, 272 App. Div. 238; Gutierrez v. Public Service Interstate Transp. Co., 168 F. 2d 678.) The jury, likewise, was justified in rejecting defendant’s contention that decedent was intoxicated and was, consequently, guilty of contributory negligence. There was proof that he was sober when he was last seen on May 18,1946, and the jury was not required to accept the testimony to the contrary of defendant’s expert. (Ensign v. Travelers Ins. Co., 193 App. Div. 369, affd. 233 N. Y. 521; Lipson v. Bradford Dyeing Assn., 266 App. Div. 595.)
The judgment should be affirmed, with costs.
Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.
Judgment unanimously affirmed, with costs.