ANNA KEENAN, as Administratrix of the Estate of WALTER KEENAN, Deceased, Plaintiff, *v.* HAROLD SHEEHAN et al., Defendants.

Supreme Court, Trial Term, Kings County, February 9, 1954.

*John E. Dolan* for defendants.

*Arthur T. Schmidt* for plaintiff.

BENJAMIN, J.  Motion by defendants pursuant to section 549 of the Civil Practice Act, to set aside a verdict in favor of plaintiff on the ground that said verdict is contrary to the evidence in the case and contrary to the law.

This is a death action instituted by plaintiff as administratrix of her late husband, Walter F. Keenan, against Harold Sheehan and William Sheehan, the owner and driver, respectively, of a taxicab in which the deceased was a passenger at the time of the accident involved.

The evidence adduced on behalf of the plaintiff with respect to the occurrence of the incident consisted of the testimony of the defendant, William Sheehan, on his examination before trial.

It appears that at about 4:30 A.M., on May 13, 1946, the decedent became a passenger of the taxicab operated by William Sheehan in the vicinity of Borough Hall in Brooklyn.  He instructed the driver to take him to 375 76th Street.  Sheehan did not know the way, and the passenger, Keenan, offered to instruct him.  At the time Keenan first became a passenger he sat on the right side of the rear seat and shortly thereafter moved to the left side of the seat.  The taxicab proceeded to

Gowanus Parkway and then along the southbound lane of the Parkway. The roadway in the vicinity of the Prospect Avenue exit is three lanes wide, with the lane farthest to the left leading into the exit. As the taxicab approached this exit (estimated variously at 30 to 300 yards from it) and while the cab was traveling at about twenty-five miles per hour, the decedent told the driver not to take the exit but to bear right and to continue along the Gowanus Parkway. As he was going by the Prospect Avenue exit, a red signal light on the dashboard of the taxicab flashed, indicating that a door was open. He looked back, saw the left rear door open, stopped his taxicab and saw his passenger lying on the roadway leading to the Prospect Avenue exit. Approximately a half hour later policemen came to the scene and an ambulance arrived shortly thereafter.

Keenan never regained consciousness and died of his injuries five days after the accident.

At the trial of the action, the driver, who was the only person present at the time of the occurrence, did not testify. The only person who took the witness stand was a Detective O'Brien, one of the policemen who came to the scene of the accident. He testified that he examined the taxicab and found that the inside door handle of the left rear door was "reversed" and that downward pressure would cause this door to open. The officer also testified that the driver admitted to him that the handle was "reversed".

The court took judicial notice of subdivision (c) of section XII of "Standard Taxicab Specifications of the City of New York (Rules & Reg. of N. Y. City Agencies, p. 565)," the material portion of which reads as follows: "Inside door handles must be of a type to be lifted in order to release the latch."

The defendants offered no proof but rested at the end of plaintiff's case. The court reserved decision on defendants' motion to set aside the verdict.

It is urged by defendants that "plaintiff failed absolutely to establish any causal connection between the alleged negligence of the defendant (condition of the door-handle) and the happening of the accident. The evidence offered by the plaintiff left the cause of the incident to mere conjecture and speculation." Thus, the problem presented is whether the jury's verdict is sustainable upon this record.

The applicable rules for determining the burden and sufficiency of proof in actions of this character are succinctly stated in *Allen* v. *Stokes* (260 App. Div. 600, p. 603) as follows: "We realize that in an action of this nature the burden of proving

defendant's negligence and the proximate cause of the accident is on the plaintiff. These essential elements may be established, however, by circumstantial, as well as direct evidence. It is sufficient if the proof includes sufficient positive evidence of facts from which an inference or conclusion of negligent conduct may be drawn. (See *People* v. *Harris,* 136 N. Y. 429.) In *Ingersoll* v. *Liberty Bank of Buffalo* (278 N. Y. 1) the Court of Appeals stated the rule to be that it is enough that plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred (*Stubbs* v. *City of Rochester,* 226 N. Y. 516); that proof of defendant's negligence does not mean that plaintiff's evidence must exclude or eliminate every other possible cause (*Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166) or point out the particular act or omission which caused the injury. (*White* v. *Lehigh Valley Railroad Co.,* 220 N. Y. 131.) '' (See, also, *Klein* v. *Long Island R. R. Co.,* 199 Misc. 532, affd. 278 App. Div. 980, affd. 303 N. Y. 807, and *Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176, 178, 179.)

It is important to note too that in a death action the plaintiff is not held to as high a degree of proof of a cause of action as an injured plaintiff who can describe the occurrence. (*Bailey* v. *Bethlehem Steel Co.,* 277 App. Div. 798; *Trimble* v. *City of New York,* 275 App. Div. 169, 171, and *Noseworthy* v. *City of New York,* 298 N. Y. 76.)

It is a matter of common knowledge that where a car turns or veers, a body or object within that car has a tendency to lurch. In the case at bar, there is testimony that the car was caused to bear to the right at or near the Prospect Avenue exit. It is an inference which could fairly be drawn by the jury that in so lurching the passenger's body struck the handle of the left door and was caused to be catapulted out. The fact that this handle, contrary to the police department regulation, which has the force and effect of an ordinance, was so constructed as to open the door with a downward motion, would justify the jury in concluding that such violation was the proximate cause of the result, since the door could not be opened except by deliberate or accidental manipulation of the handle. The speculation that deliberate manipulation might have been employed by the decedent does not preclude the right of the jury to determine that the opening of the door was in truth and fact accidental and that the violation of the safety ordinance concerning this door was the proximate cause of the accident.

Accordingly, the record herein presented a fair question of fact as to the negligence of the defendants and the verdict of the jury, in the light of the foregoing, was supported by sufficient proof.

Accordingly, the motion to set aside the verdict is denied.