■ DANIEL F. STEARNS, Respondent, v. EDDIE L. GOODWIN et al., Appellants, et al., Defendants.— Appeal in a negligence case involving an automobile accident between defendants-appellants Eddie L. Goodwin, Lewis H. Overholt and Orville S. Gray from a jury verdict in favor of the plaintiff for money damages. Defendant-appellant Goodwin has failed to perfect his appeal. Neither the plaintiff nor defendants have appealed from a verdict in favor of the defendants for no cause of action. The case was tried in Chemung County at the May, 1957, Term before a jury and McAvoy, J. On March 7, 1955, plaintiff was an employee and riding in a tractor-trailer being driven by the defendant Goodwin. The accident happened on Route No. 63 on what is commonly known as Burleigh Hill, which is a long, steep slope from the north to the south. The accident happened about 4:00 P.M. and the testimony was that it was snowing and blowing which had some effect upon the visibility of the travelers. There was also testimony that the road itself was slippery in spots. Car No. 1 going in a southerly direction down the above-mentioned incline was operated by Harold I. Stirling and owned by Stirling & Dynes, Ltd. The jury returned a verdict of no cause of action as to these defendants. Car No. 2, going in the same direction and following car No. 1, was owned by the defendant Ryan-DeWitt Corporation and operated by Patricia Ward (not named defendant). The jury returned a verdict of no cause of action as to these defendants. Car No. 3 in which plaintiff was riding, a tractor-trailer operated by the defendant Eddie L. Goodwin, was likewise proceeding in a southerly direction and following car No. 2. Car No. 4, owned and operated by Lewis H. Overholt, was proceeding in the same direction and following car No. 3, and said owner and operator is one of the defendants-appellants herein. Car No. 5, owned and operated by Orville S. Gray, was proceeding in the same direction and following car No. 4, and said owner and operator is one of the defendants-appellants herein. The testimony was that the hill itself was about 1,200 or 1,300 feet long. There was considerable variance among the

witnesses as to the extent of visibility as the various cars, proceeding in a southerly direction, were going down the incline, which, of course, became one of the questions of fact for the jury. As car No. 1 was proceeding in a southerly direction going down the incline, car No. 2 came in contact with it and almost immediately thereafter the tractor-trailer (known as car No. 3) struck car No. 2 and the operator, in attempting to avoid the collision, manipulated the said truck so that when it came to a stop, it was blocking the road with the front of the car facing in a general westerly direction. The plaintiff, riding on the passenger side of the truck, opened the door for the purpose of helping to obtain flares and was either standing by the truck or getting down from the truck when car No. 4 collided with the tractor-trailer and pinned the plaintiff between the two cars. Almost immediately thereafter car No. 5 struck the rear of car No. 4 and as plaintiff described it, he felt a sharp pain at the time each car came in contact with his body. As a result, the plaintiff received serious personal injuries. After the trial and a charge by the court on the various questions involved, the jury returned a verdict as enumerated above. The two appellants contend that so far as their respective selves were concerned, there was no evidence of negligence proven and further that the plaintiff was guilty of contributory negligence in the manner in which he conducted himself prior to the collision and resulting injuries. The plaintiff as part of his direct proof called the defendants, Goodwin, Overholt, Gray and Patricia Ward Morelli, driver of the Ryan-DeWitt Corporation defendant car, and while counsel for the plaintiff might well have gone into more detail as to the happening of the accident with each of these respective defendants, he established enough as against each to make a question of fact for the jury as to the negligence of the respective defendants. If counsel for the respective defendants was not satisfied with the testimony given by his client on the plaintiff's case, or if he was under the impression that it required explanation, he had the right and opportunity to have him testify on his own defendant case which so far as each defendant-appellant herein was concerned, they did not do. In *Wheeler* v. *Tarnaschuk* (3 A D 2d 791), the court said at page 793: "The movements of automobiles colliding while proceeding downgrade or upgrade upon an icy surface are often inexplicable and in the circumstances here existing the positions of the vehicles subsequent to the accident afford little clue to their location preceding it. * * * Under a charge to which no exception was taken, the jury were permitted to hold one or more of the operators negligent or to find unavoidable accident." The principal dispute in the present facts seems to be over the visibility and the degree to which the snow obstructed a long straight downgrade. The conflict in the testimony as to this and any other issues and the inferences to be drawn therefrom as charged by the court were for the jury to determine and decide and we cannot say its determination was contrary to the weight of the evidence. Here the plaintiff sued the owners of all of the automobiles involved in this "chain" collision. The jury heard their testimony, observed the various witnesses and decided the rights of all of the respective parties. The court said in *Ingersoll* v. *Liberty Bank of Buffalo* (278 N. Y. 1, 7): "The existence of remote possibilities that factors other than the negligence of the defendant may have caused the accident, does not require a holding that plaintiff has failed to make out a *prima facie* case. It is enough that he shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred. (*Stubbs* v. *City of Rochester*, 226 N. Y. 516.)" Judgment and order appealed from affirmed, with costs to the plaintiff-respondent. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.