CHRISTOPHER J. CUNNINGHAM et al., Respondents, v. EDWARD W. MAXWELL et al., Appellants.

Third Department, July 31, 1958.

*William F. Conway* and *Carroll J. Mealey* for appellants.

*William J. Murphy* and *J. Joseph Murphy* for respondents.

HERLIHY, J. The plaintiff was a passenger in an automobile which was involved in a collision with the defendants on the evening of February 16, 1955 at 9:30 P.M., as the result of which he received injuries and was awarded the verdict as set forth above. On the appeal no question is raised as to liability.

The plaintiff and two physicians testified to his physical condition at the trial. The defendants offered no testimony.

The accident happened on February 16, 1955 and was tried before the court (HAMM, J.) and the jury in Albany County on the 5th of December, 1957.

Plaintiff testified that immediately following the accident he felt " very very painful in my right leg and my right hip and my left shoulder and my neck and the bottom part of my back ". The doctor saw him at the scene of the accident and two days thereafter he was attended by Dr. Bruce, one of the witnesses at the trial. He further testified that his right leg, right hip and the small of his back became progressively worse and that in June of 1955, while walking on North Pearl Street, he fell, landing on his right knee. He returned to Dr. Bruce who in turn recommended him to Dr. William P. Howard for X rays; that he continued under his care until December, 1955, seeing the doctor about nine times.

He further testified that he had difficulty in sleeping and that at the time of the trial he still had pain.

Dr. Darwin A. Bruce testified that he first saw the plaintiff on the 18th of February, 1955; that he made a diagnosis of a

bruise of the left shoulder and neck muscles and sprain of the right lumbar region; that he gave him some pills at that time. He next saw him on June 20 when his complaint was pain around the hip and into his groin on the right side and he was referred to Dr. Howard. The doctor was asked a hypothetical question and without objection the doctor testified that the injuries sustained in the automobile accident were a competent producing cause of the injuries complained of by the plaintiff.

Dr. William P. Howard testified on behalf of the plaintiff, giving a detailed statement of the nature of the examination made by him, the various tests which were performed and he testified without objection that his diagnosis was that plaintiff "had a strain of his lumbosacral joint and that he had evidence of disturbance of his first lumbar root on the right side, which gave rise to the neuralgia, which took in the region of his iliohypogastric, ilioinguinal and the anterior crural or genito-femoral nerve on the right side."

The doctor further testified as to the manner and method of an injection to the first lumbar root to stop the pain. Plaintiff testified "It (the pain) gradually tapered off to the point where it didn't hurt enough to go back; it was a toss-up which hurt worse, the shot or the pain in the leg."

The doctor was asked a hypothetical question without objection as to whether the automobile accident was a competent producing cause of the injuries testified to and the doctor answered: "My opinion is that the accident described could constitute a competent and producing cause of the findings which I made on the examination of this man."

The defendants contend that there was no causal relationship between the accident and the injuries; that the evidence, particularly that of Dr. Howard, was not properly esablished, was speculative and that in answering the hypothetical question, his use of the word "could" defeated the purpose of the question. We have already passed upon this contention where a doctor, who had not treated the plaintiff, was allowed to express such an opinion. (*Green* v. *Mower,* 3 A D 2d 788.)

Defendants further contend that there may have been other causes of the condition of the plaintiff as of June 20, 1955 when he fell on the street and that inasmuch as plaintiff had testified he played golf on one occasion and bowled once a week, these or some other unknown reason may have been responsible for the fall. The defendants had the opportunity and did cross-examine the plaintiff and both doctors and made no such inquiries, nor did the defendants produce any medical testimony to dispute the contention of the plaintiff. Defendants'

position is untenable and under the circumstances, there was justification for the verdict returned by the jury. In *Stubbs* v. *City of Rochester* (226 N. Y. 516, 526–527), the court said: "If two or more possible causes exist, for only one of which a defendant may be liable, and a party injured establishes facts from which it can be said with reasonable certainty that the direct cause of the injury was the one for which the defendant was liable the party has complied with the spirit of the rule. * * * Without reiteration of the facts disclosed on the trial I do not believe that the case on the part of plaintiff was so lacking in proof as matter of law that his complaint should be dismissed. On the contrary the most favorable inferences deducible from the plaintiff were such as would justify a submission of the facts to a jury as to the reasonable inferences to be drawn therefrom, and a verdict rendered thereon for either party would rest not in conjecture but upon reasonable possibilities." (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, 4–7; *Cornbrooks* v. *Terminal Barber Shops*, 282 N. Y. 217, 223.)

The defendants further contend that the verdict under any circumstances was excessive. The expenses incurred on behalf of plaintiff and his wife were $258. The trial took place approximately 22 months following the accident at which time the plaintiff testified that when he did excessive work or walked, he still had pain in his leg. These various factors were questions of fact for the determination of the jury and we find no reason for interfering with the exercise of their discretion.

The judgment should be affirmed, with costs to plaintiffs-respondents.

BERGAN, J. P., GIBSON and REYNOLDS, JJ., concur.

Judgment affirmed, with costs to plaintiffs-respondents.