■ MORRIS MERMELSTEIN et al., Individually and Doing Business as MORRIS BODY SHOP, Respondents, v. HARRY HERVIEUX, Appellant.— GIBSON, P. J. Appeal by defendant from a judgment entered upon a verdict in favor of plaintiffs for damages to plaintiffs' automobile body repair shop caused by fire, alleged to have resulted from defendant's negligence in servicing a fire extinguisher some 28 days before the fire. The proof was that a spark from a cutting torch ignited gasoline which had leaked from the fuel pump of an automobile, starting a small fire under the front end of the car. One of the plaintiffs took the foam extinguisher in question from its bracket on the wall, inverted it and directed it at the fire. No foam was discharged from the extinguisher but a thin stream of water was emitted, which had the effect of spreading the flames and floating the burning gasoline under the fuel tank of the car, causing an explosion which ignited the building and its contents. Immediately after the attempt to use the extinguisher was made by plaintiff, his mechanic attempted to use it but again only a trickle of water was discharged from it. There was testimony by firemen trained in the use of foam extinguishers that the fluid remaining in the extinguisher had the taste of dirty water and none of the taste characteristic of the chemicals employed by such extinguishers. There was ample expert evidence by plaintiffs' consultant chemist, first, that the extinguisher did not contain the chemical constitutents requisite to its proper operation and functioning and, second, that had the appliance been properly charged it would have been adequate to extinguish the fire described. The defendant and his employee testified, on the other hand, that the extinguisher had been properly recharged. The jury was warranted in deciding the sharp factual issues thus arising by rejecting defendant's evidence and crediting plaintiffs' lay and expert testimony, which was clearly sufficient to establish, by circumstantial evidence, a prima facie case of negligence. (See *Markel* v. *Spencer*, 5 A D 2d 400, 403, affd. 5 N Y 2d 958.) Contrary to the suggestion in appellant's brief, the case was not one of *res ipsa loquitur*, nor was it submitted to the jury as such; and " there is no need to invoke that doctrine in a case in which the evidence is sufficient to make out a prima facie case under the ordinary principles of circumstantial evidence." (*Markel* v. *Spencer, supra*, p. 409.) Neither can we agree with appellant's contention that there was no proof that the condition of the extinguisher at and immediately after the time of the fire was the same as at the time defendant completed servicing it 28 days before. From the rather detailed testimony bearing upon that issue, the jury could properly find that its condition had not materially changed. " The existence of remote possibilities that factors other than the negligence of the defendant may have caused the accident, does not require a holding that plaintiff has failed to make out a *prima facie* case. It is enough that he shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, 7.) Appellant's additional contentions seem to us equally insubstantial. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Gibson, P. J.