JOEL HALWICK, an Infant, by MARY E. DUBOIS, His Parent, et al., Respondents, v. ROSE DI DONNA et al., Appellants, and ELIZABETH MERWIN, as Administratrix of the Estate of GEORGE E. MERWIN, JR., Deceased, Respondent. JOEL HALWICK, an Infant, by MARY E. DUBOIS, His Parent, et al., Appellants, v. ROSE DI DONNA et al., Defendants, and ELIZABETH MERWIN, as Administratrix of the Estate of GEORGE E. MERWIN, JR., Deceased, Respondent.— Appeal by defendants Di Donna (1) from an amended judgment of the Supreme Court, entered April 11, 1972 in Ulster County, upon a verdict rendered at Trial Term in favor of plaintiffs and (2) from an order of said court, entered August 4, 1972, which denied defendants' motion to set aside the verdict. Companion appeal from so much of said judgment as dismissed the complaint against defendant Merwin. This action arose as the result of an automobile accident on Route 9W in the Town and County of Ulster which occurred on June 24, 1966, when there was a collision between a vehicle driven by Rose Di Donna and one driven by George Merwin and in which Joel Halwick was a passenger. The fundamental dispute on this appeal is evidentiary, the question being whether the testimony supports the conclusion that a part of the southbound Di Donna vehicle was across the center line in the highway at the time of impact with the Merwin vehicle, negligence being properly inferable from such a situation (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132), even though the proof is circumstantial (*Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203; *Wragge* v. *Lizza Asphalt Constr. Co.*, 17 N Y 2d 313; *Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176; *Cornbrooks* v. *Terminal Barber Shops*, 282 N. Y. 217; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1). A witness to the accident, Mrs. Sobrado, testified on behalf of the plaintiff, and there are at least five instances in her testimony which place the Merwin vehicle in its proper northbound lane. Indeed, she specifically testified that the Merwin vehicle did not cross over the center line in the highway. It being undisputed that the two vehicles collided, the jury could have reasonably inferred that the collision occurred because the Di Donna vehicle had negligently crossed into the northbound lane. The reasonableness of this inference is buttressed by the testimony of State Trooper Forshee concerning debris he found on the road in the northbound lane approximately one foot from the center line at the point of impact and pieces of the Di Donna vehicle he found on the east shoulder of the road across the northbound lane, as well as by the admission of the operator of the Di Donna vehicle that it was her intention to cross the northbound side of the highway to a location on the east side thereof and by the admission and proof that her left directional signal lights were on immediately prior to impact. It was within the province of the jury to weigh the factual testimony, and it cannot be said as a matter of law that the verdicts were against the weight of the credible evidence. Judgment and order affirmed, with costs. Herlihy, P. J., Cooke and Main, JJ., concur; Greenblott and Reynolds, JJ., dissent and vote to reverse in a memorandum by Greenblott, J. Greenblott, J. (dissenting). I dissent. On the date of the accident, appellant Rose Di Donna, driving her husband's car, was proceeding southward on Route 9W in the Town of Ulster, a two-lane road running north and south. Appellant's intended destination was her family's furniture store located on the east side of Route

9W. Entry to the store's parking lot required her to make a left turn across the northbound lane. Appellant testified that as she approached the store, she signaled a left turn and slowed her vehicle to a stop. While stopped in the southbound lane, she alleges she was struck by the oncoming Merwin vehicle. After the collision, the Merwin vehicle proceeded in a northerly direction and collided with a truck. The operator, George E. Merwin, Jr., was killed and the infant respondent seriously injured. The record is devoid of any direct testimony that Rose Di Donna was negligent in the operation of her vehicle. She testified that she was stopped two feet west of the center line when her vehicle was struck. There was no testimony that her vehicle ever left its stationary position in the southbound lane. All the direct evidence thus failing to support the jury verdict, respondent urges that there was sufficient circumstantial evidence in support thereof, inferring appellant's negligence from the testimony of the witnesses Forshee, Nolan and Sobrado. Gary Forshee, the investigating State Trooper, testified that his examination of the scene of the accident revealed the presence of dust, dirt and "chunks" about a foot in circumference and not very high "approximately * * * a foot from the center line, in the northbound lane." From this testimony respondent draws the inference that the pile of dirt marks the point of impact and that appellant Di Donna must therefore have been negligently in the path of the Merwin vehicle. However, Trooper Forshee testified that no tests had been made on the dirt to determine which, if either, of the cars it had come from. Moreover, he could not say whether the debris had come to that position before, during or after the accident. Thus to conclude that this pile of debris marked the point of impact would be sheer speculation. The witness Terence Nolan, who lived in a cabin behind the furniture store, testified that while he had not observed the Di Donna vehicle prior to the collision, the Merwin vehicle was in its northbound lane. However, he could not state whether it was entirely in the northbound lane. The witness Miriam Maggiore Sobrado does appear to offer some support to the respondent's position. She stated that while she was a considerable distance from the point of impact, "It looked like to me he [Merwin] was on his side of the road, the car hit the car." However, she responded affirmatively when asked, "was that car [Di Donna] then standing in the southbound lane at the time of impact?" Neither of these witnesses could state the position of the cars relative to the center lines of impact. It is thus apparent that the circumstantial evidence was extremely weak and open to speculation as to its meaning. While respondents' burden to establish appellant Di Donna's negligence may be met by circumstantial evidence alone, to be legally sufficient the circumstances relied upon must reasonably lead to an inference of negligence to the reasonable exclusion of any inference of non-negligence. "To establish a fact by circumstantial evidence, however, the circumstances must be such as fairly and reasonably to lead to the conclusion sought to be established, and fairly and reasonably to exclude any other hypothesis which can fairly and reasonably be deduced therefrom. The rule is that where the evidence is capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act, that meaning must be ascribed to it which accords with its absence" (22 N.Y. Jur., Evidence, § 652). This is in accord with the general rule recognized by the Court of Appeals in Cole v. Swagler (308 N.Y. 325, 331), as follows: "It is well settled that where an accident is one which might naturally occur from causes other than a defendant's negligence, the inference of his negligence is not fair and reasonable". We are here confronted with circumstantial evidence which lends itself equally to an inference

consistent with appellant Di Donna's direct testimony that she was non-negligently waiting in her own lane when she was struck by the Merwin vehicle. In such a situation, the respondents cannot be said to have sustained their burden of proof by a fair preponderance of the evidence, and the jury's verdict should, therefore, be set aside as being against the weight of the evidence. The verdict of no cause in favor of the respondent Elizabeth Merwin, as administratrix of the estate of George E. Merwin, Jr., deceased, should be reversed and a new trial ordered since it too was clearly against the weight of the evidence. As we have seen, the sole evidence favorable to respondent was the equivocal testimony of Sobrado and Nolan as to the position of the decedent's vehicle prior to the accident. However, the other evidence in the case is unfavorable to the respondent Merwin. The testimony reveals that decedent drove at a fast rate of speed out of the parking lot adjacent to the refreshment stand on the west side of the highway, crossed the road to the east shoulder of the highway, straightened out, struck the Di Donna vehicle, went out of control back across the highway, and finally struck a truck. The Merwin vehicle was almost completely demolished. The only possible inference that could be drawn from these facts considering the short distance which the car traveled from the refreshment stand to its final collision is that the car was accelerated to a very high rate of speed within a very short period of time.