■　JAMES WELSH, Individually and as Father and Natural Guardian of ROBIN A. WELSH, an Infant, Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 57220.)—Cross appeals from a judgment in favor of claimant, entered September 16, 1974, upon a decision of the Court of Claims. The claimant, James Welsh, has recovered damages for personal injuries sustained by his infant daughter, Robin Ann Welsh, as a result of medical malpractice in the performance of surgery in November of 1971. On November 24, 1971, surgical procedures known as arthrotomy and meniscectomy were performed on the infant claimant at the New York State Rehabilitation and Research Hospital at West Haverstraw for the removal of damaged cartilage from her right knee joint. It was subsequently discovered that during the operation, the peroneal nerve had been transected or cut resulting in peroneal palsy, a condition which results in "drop foot", an abnormal gait, muscular atrophy, and limitation of function. A second operation was required to repair the nerve, but permanent residual effects of the damage could not be fully eliminated. After a trial at which qualified medical experts testified on behalf of the claimant and the State, the Court of Claims found by a preponderance of the evidence that the operating doctors had been negligent in failing to perform the operating procedure in an appropriate medical manner in that, more particularly, they had failed to employ the technique of retraction of the nerve so as to avoid injury. This finding is supported in the testimony of Dr. Kaplan, who testified that good medical practice would be to retract the nerve, so as to remove it from the field of operation and thereby reduce the risk of injury. The State advances two contentions in urging that this testimony is not a proper basis for a finding of liability. First, it is contended that the record contains testimony which indicates that damage to the peroneal nerve with peroneal palsy as a consequence can result from the process of retraction itself. This contention must be rejected, for the evidence as a whole indicates that the risk of such injury from retraction is minimal at best, and that in any event the nature of such injury would more likely be temporary, rather than permanent as in the present case. The State's second contention is that the testimony of Dr. Kaplan should not have been given greater weight than the testimony of other orthopedic surgeons who had greater direct familiarity with the operative techniques employed in the present case. Such other experts, the State points out, testified that retraction is not necessarily a proper procedure in a case of this sort. The point is not well taken, for we have examined the record and we find that Dr. Tuby, a well-qualified orthopedic surgeon with vast experience, testified that retraction would not necessarily be employed because orthopedic surgeons generally are aware of the location of nerves such as the peroneal nerve and are able to avoid it by being careful. The sum and substance of Dr. Tuby's testimony is that the transection of Robin Welsh's peroneal nerve was the result of carelessness. Simi-

larly, Dr. Wolf, who was called as the State's witness, testified that if the primary operation (the arthrotomy) had been skillfully and properly done a transection of the peroneal nerve would not have been expected. Thus, while the findings of the Court of Claims may not appear to be findings which are most warranted by the record as a whole, this court finds that the record does contain compelling medical evidence which warrants a conclusion that the transection of the peroneal nerve was the result of negligence in the performance of the arthrotomy. Therefore, the findings on the issue of liability will be affirmed. We have examined the State's other contentions and find them to be without merit. Claimant, in his appeal, contends that the damages awarded were inadequate while the State in its cross appeal contends that the damages were excessive. While Robin Welsh's disability clearly is not as great as put forth by her attorneys, it is clear that she will suffer permanent limitation of function throughout her life. We are of the view that the award of damages as made was appropriate. Judgment affirmed, with costs to claimants. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.