■ HERMIA A. KERR, Appellant, v UNITED PARCEL SERVICE, Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), dated September 13, 1988, which, upon granting

the defendant's motion pursuant to CPLR 4401 for judgment during trial dismissing the complaint for failure to establish a prima facie case of negligence, made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly sustained injuries when she came into contact with some boxes, causing her to fall on the loading dock at the factory where she worked. While an employee of the defendant United Parcel Service (hereinafter UPS) had delivered the boxes to the factory, the plaintiff did not present any direct evidence that the UPS employee had placed the boxes on the loading dock. Further, the circumstantial evidence as to the placement of the boxes was "equally consistent with the absence as with the presence of a wrongful act" on the part of the UPS employee; hence, "that meaning must be ascribed which accords with [the] absence" of a wrongful act (*Digelormo v Weil*, 260 NY 192, 199-200; *see, White v Lehigh Val. R. R. Co.*, 220 NY 131, 135-136; *Abbott v St. Luke's Mem. Hosp. Center*, 38 AD2d 176, 179). Accordingly, the trial court was justified in granting the defendant's motion to dismiss the complaint at the close of the plaintiff's case.

The plaintiff's other contentions do not warrant reversal of the judgment. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.