■ Donna M. Coluzzi, Respondent, v Martin W. Korn, Appellant. (Appeal No. 1.) [624 NYS2d 688] —Judgment unanimously affirmed with costs. Memorandum: The evidence is sufficient to support the jury's finding that defendant committed malpractice in performing arthroscopic surgery on plaintiff's knee (see, Cohen v Hallmark Cards, 45 NY2d 493, 499), and the verdict is not contrary to the weight of the evidence (see, Kuncio v Millard Fillmore Hosp., 117 AD2d 975, 976, lv denied 68 NY2d 608). "To establish a prima facie case of negligence based wholly on circumstantial evidence, '[i]t is

enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' *(Ingersoll v Liberty Bank,* 278 NY 1, 7)" *(Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744; *accord, Pollicina v Misericordia Hosp. Med. Ctr.,* 158 AD2d 194, 200, *lv dismissed* 76 NY2d 934). Plaintiff was not required to prove the precise nature of defendant's negligence *(see, Schneider v Kings Highway Hosp. Ctr., supra,* at 745; *Pollicina v Misericordia Hosp. Med. Ctr., supra,* at 200; *Markel v Spencer,* 5 AD2d 400, 408, *affd* 5 NY2d 958). The experts testified that standard precautionary methods of protecting the peroneal nerve would have prevented the nature and the extent of the damage to plaintiff's nerve. That testimony sufficiently supports the jury's finding that defendant was negligent *(see, Villa v City of New York,* 148 AD2d 699; *Welsh v State of New York,* 51 AD2d 602).

We reject defendant's contentions that the trial court erred in instructing the jury to return a general verdict and that the amount of damages awarded is excessive. (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—Medical Malpractice.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.