Amy W. Scott, Individually and as Administratrix, etc., of Frederick L. Scott, Deceased, Appellant, v. New York Central Railroad Company, Respondent.

Third Department, May 5, 1926.

**Railroads — action to recover for death of plaintiff's intestate who fell or was thrown from fast train — all cars were equipped with closed vestibules — no evidence as to cause of accident — all evidence tends to show that vestibules were in order and were closed — verdict for plaintiff is contrary to evidence.**

In an action to recover for the death of plaintiff's intestate who was killed when he fell from or was thrown from a fast moving train, the Empire State Express,

the verdict of the jury in favor of the plaintiff was properly set aside by the trial court, since the evidence establishes that each car in the train was equipped with a closed vestibule and that the vestibules were in order and the doors closed, and since there is no evidence as to the cause of the accident resulting in the death of the plaintiff's intestate, the cause, under the evidence, resting entirely on speculation.

APPEAL by the plaintiff, Amy W. Scott, from an order of the Supreme Court, made at the Montgomery Trial Term and entered in the office of the clerk of the county of Montgomery on the 13th day of October, 1925, setting aside the verdict of a jury for $15,000 in favor of the plaintiff, and dismissing the complaint, and also from a judgment entered in said clerk's office on the same day, pursuant to said order.

*Samuel Levy* [*Andrew J. Nellis* of counsel], for the appellant.

*Warnick J. Kernan,* for the respondent.

Order and judgment unanimously affirmed, with costs, on the opinion of WHITMYER, J., at Trial Term.

The following is the opinion of the court below:

WHITMYER, J. The action is negligence. The case was submitted to the jury pending the determination of defendant's motion for a nonsuit and dismissal, made and reserved at the end of plaintiff's case and at the end of the evidence, with the result that plaintiff obtained a verdict for $15,000, whereupon defendant moved to set that aside on the several grounds specified in section 549 of the Civil Practice Act, and that motion was also reserved. Whether or not the evidence shows that defendant was negligent is the question. Plaintiff's intestate was a passenger on the Empire State Express, west bound, on June 6, 1924, on his way from Albany, N. Y., to his home in Malone, N. Y. He fell or was thrown from the southerly side of the train, while it was passing through Fort Plain, at upwards of fifty miles an hour, and was killed. He had been in Albany for a medical examination. A Malone doctor had treated him for about two weeks before that for some stomach trouble. He was thirty-three years of age, had been married about four years, and had a wife and a boy who was about three years old. He was a carpenter foreman and earned fifty dollars a week. From what car he came does not appear. The only eye witness was an employee at a milk station near by, who was standing just southerly of the main tracks, and suddenly saw " son lething being hurled through the air." Looking more closely, before the object struck the ground, he saw that it was a man " in kind of a doubled up position, facing towards the train," knees close to the body, arms out straight, elbows against the sides, and fists

clenched.   The body, when he first saw it, was about even with the height of the bottom of the door, and he did not notice any open windows.   The track was straight for a considerable distance at this place.   A short distance east there was a cross-over.   So far as appears, there was no jolt or jar and there was nothing unusual in the operation of the train at the time.   It consisted of a combination baggage and smoker, three coaches, a diner, two parlor cars, and an observation car, each of the closed vestibule type, with a door on each side at each end, opening toward the inside, with devices for latching and fastening in the ordinary way, and with a catch, in addition, at the top.   To raise the platform of a car it was necessary to open the door of the vestibule and swing it back completely.   The vestibules, latches and fastenings were in order.   Albany was the last stop before the accident. There, the passengers boarded on the northerly side.   According to a trainman all doors were closed when the train left.   On the trip the head brakeman opened a door on one side or the other, four or five times, for observation, closing it each time, he testified. It does not appear what doors he opened.   The Fort Plain signal-man, whose duty it was, among other things, to look out for open doors on vestibule trains and, if he saw any, to notify the train dispatcher to that effect, did not see any as the train passed through. And the conductor testified that he examined the vestibules when the train was passing through Little Falls, because some passenger had told him that something had happened, and that he found all the doors closed.   Intestate or any one else could have opened a door at any time.   The case is one of speculation.   Defendant did not become an insurer of intestate's safety when he became a passenger. And negligence may not be assumed from the mere happening of the accident, but it was for plaintiff to prove, affirmatively, negligence or circumstances making negligence a legitimate, if not an irre-sistible inference.   (*Losie* v. *Delaware & Hudson Co.,* 142 App. Div. 214, 216.)   Plaintiff has not done that.   Undoubtedly, having provided vestibules, it was defendant's duty to exercise a high degree of care toward maintaining them in a reasonably safe con-dition and also toward keeping the doors thereof closed and the traps on the platforms in place while the train was passing over the road.   (*Johnston* v. *St. L. & S. F. R. Co.,* 150 Mo. App. 304; 130 S. W. 413, 415, 416.)   The vestibules and fastenings were in order, and the evidence does not show that a vestibule door was open.   It is true, intestate must have come out of one, but he himself may have opened it for air, even though the posi-tion of his body in the fall may be in conflict with that theory,

or the brakeman may have left it open, but the evidence is to the contrary, or a passenger may have opened it, but, if so, the evidence fails to show that it was open sufficiently long to be discoverable by defendant.   It is a matter of speculation entirely. *Bronson* v. *Oakes* (76 Fed. 734, 740) and *Johnston* v. *St. L. & S. F. R. Co.* (*supra*), cited and relied upon by plaintiff, are not parallel. Each was a case where the vestibule door was open for some time before and the evidence in each was sufficient to reasonably warrant the inference of negligence on the part of defendant in permitting it to be open.   Here it is insufficient and the complaint must be dismissed.   Order accordingly.