MARGARET LEONARD STONEHAM, as General Guardian of the Person and Property of RUSSELL C. STONEHAM and JANE ELIZABETH STONEHAM, Infants, and MARGARET LEONARD STONEHAM, Also Known as BERNICE LEONARD STONEHAM, Appellants, v. LEO J. BONDY and HORACE A. STONEHAM, Individually and as Trustees under Certain Agreements of Trust between CHARLES A. STONEHAM, Settlor, and LEO J. BONDY and HORACE A. STONEHAM, Trustees, and LEO J. BONDY, as Executor, etc., of CHARLES A. STONEHAM, Deceased, Respondents.— In an action to compel an accounting by trustees under certain trust agreements, order dismissing plaintiffs' amended complaint for failure to state a cause of action reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the language of the last paragraph in each of the agreements in question shows that they are made " in lieu of " and " to take the place " of the prior agreement and to cancel such prior agreement. No allegation of cancellation of such prior agreement is, therefore, necessary. Defendants may serve an answer within ten days from the entry of the order hereon. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

KATHRYN G. TREACY, Respondent, v. F. W. WOOLWORTH COMPANY, Appellant. —Order denying defendant's motion for an examination of the plaintiff before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

JOSEPHINE TRUDELL, as Administratrix, etc., of WILBUR TRUDELL, Deceased, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— In an action to recover damages for the death of plaintiff's intestate due to the alleged wrongful act or neglect of the defendant, it appeared that the decedent, with other boys, went on the back platform of the defendant's elevated railroad train; and that he was thrown or fell through a gate that became opened in some manner not described. The gate would open only if a lever was pulled up by the hand — otherwise the gate is locked, and cannot be opened. At the close of the evidence the defendant's motion for a directed verdict was granted, evidently on the grounds that the decedent was on the rear platform in violation of statute and ordinance and the rules of defendant, and that there was failure of proof of negligence as a proximate cause of the accident. The account of the accident given by the witnesses is against the probabilities as well as contrary to prior statements made by them to the district attorney when the accident was investigated. Judgment for defendant affirmed, with costs. (See *Scott* v. *New York Central Railroad Co.*, 216 App. Div. 623.) Hagarty, Davis, Adel and Taylor, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial upon the ground that there was proof for submission to the jury as to negligence and contributory negligence.

SAM WIDRY, Respondent, v. THE MOUNT VERNON TRUST COMPANY, Appellant. — Plaintiff had a verdict for $3,500 in an action to recover for injuries sustained, due to the existence of a defective stairway. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

MORTIMER C. ZUCKERMAN, Respondent, v. ABRAHAM L. FRANK, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when he slipped on ice on the sidewalk in front of premises owned by defendant. Order setting aside verdict in favor of the defendant and granting plaintiff's motion for a new trial unanimously affirmed, with costs to abide the event. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.