HELEN LIBARIS, as Administratrix, etc., of ANDREW J. LIBARIS, Deceased, Respondent, v. THOMAS E. MURRAY, JR., as Receiver of INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Action for damages for death of plaintiff's intestate. The alleged wrongful act or neglect of the defendant was the failure to put or keep in place three chains between the seventh and eighth cars of a train upon which the intestate was a passenger, with the consequence that the intestate was thrown or fell under the train through the space between these two cars while he was walking from one car to the other when the train was traveling with a rolling or swaying motion or violent jerk. Judgment in favor of plaintiff on the verdict of a jury reversed on the law, with costs, and the complaint dismissed, with costs. The finding imported by the jury's verdict that the chains, which would have prevented the plaintiff's intestate from getting down onto the tracks

through the space between the seventh and eighth cars were not in place before decedent reached that point, rests in pure conjecture. There is no direct proof that they were not in place. There is undisputed proof from defendant's employees that they were in place. They could not have been in place when the plaintiff's intestate passed through the space between the two cars. They were unhooked or displaced (a) by the act of an employee of defendant; (b) by the act of a third party, who unhooked them and left them unhooked under circumstances that required defendant to replace them or afforded it an opportunity to do so; or (c) by the act of plaintiff's intestate himself. There is no proof respecting which of these three possible causes created the condition that permitted the intestate to pass through the space between the cars onto the tracks while the train was in motion. Two of these possible causes would entail liability on the part of the defendant and the third would not. Concluding on this record that one or the other was the cause of the condition would be and was pure conjecture. There was, therefore, no basis in the evidence for the finding of negligence on the part of the defendant. (*Scott* v. *New York Central Railroad Co.*, 216 App. Div. 623; *Bockhaus* v. *Interborough Rapid Transit Co.*, 167 id. 927; affd., 220 N. Y. 774; *Trudell* v. *New York R. T. Co.*, 248 App. Div. 787; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131.) Carswell, Davis, Johnston, Adel and Close, JJ., concur.