ANTONIO MORALES, Also Known as TONY MORALES, by His Guardian ad Litem, GINO FRANCESCHINI, Respondent, v. KIAMESHA CONCORD, INC.. Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Queens County, entered May 2, 1973, in favor of plaintiff, upon a jury verdict of $1,750,000. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. Plaintiff, a professional prize fighter, was a sparring partner for Doug Jones, who was then a contender for the heavyweight championship in training at the hotel operated by defendant. Following a three-round sparring session with Jones, plaintiff went into a men's room (maintained by the hotel for that purpose) to change out of his boxing gear. He was found lying on his back on the floor of the men's room about 15 minutes later in the midst of a convulsive seizure. The theory of the action is that a garden bench was situated in the room in such a manner as to obstruct free entrance to and egress from the room. Defendant offered expert medical testimony to the effect that, in the absence of a skull fracture or open wound, plaintiff did not suffer the seizure as the result of a fall, but likely fell because of the seizure. In order to succeed, a cause of action must be based on more than speculation. If there are several possible causes of injury, for one or more of which the defendant is not responsible, the plaintiff cannot recover without proving that wholly or in part the injury was sustained by a cause for which the defendant was responsible (*Digelormo* v. *Weil*, 260 N. Y. 192, 199–200; *Schwartz* v. *Macrose Lbr. & Trim Co.*, 29 A D 2d 781, affd. 24 N Y 2d 856). It cannot be said that the possibility that plaintiff did not trip over the bench, which was in open view in a room with which plaintiff was familiar, was merely a

remote one (cf. *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1). The facts were as consistent with one theory as with the other (see *White* v. *Lehigh Val. R. R. Co.*, 220 N. Y. 131; *Abbott* v. *St. Luke's Mem. Hosp. Center*, 38 A D 2d 176). Were we not reversing and dismissing the complaint because of the failure of proof as to causation, we would grant a new trial on the ground that the verdict was contrary to the weight of the evidence. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.