■ PATRICIA A. SMITH, as Administratrix, Appellant, v ROBERT WISCH et al., Respondents. (And Other Actions.)—In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered October 22, 1979, which, at the conclusion of plaintiff's case, *inter alia,* dismissed the complaint as against all defendants. Judgment affirmed, without costs or disbursements. Plaintiff's intestate, Robert Smith, was employed as a roofer and, on the day he sustained his fatal injuries, was engaged in repair work which placed him upon a second story sun deck of the home defendants Gary and Ilene Eder had purchased the day before the accident. The sun deck was bordered by a fence or railing with an upper and lower crosspiece. During the morning Smith and his co-worker had ascended to and descended from the sun deck by means of a ladder, the top of which reached "just below the fence" but did not touch it. Returning from lunch, the co-worker proceeded to a different part of the house while Smith was to return to the sun deck. About 10 or 15 minutes later, the co-worker heard a crash and investigating discovered Smith on the ground below the sun deck, with about a third of the railing broken and on the ground with Smith. The ladder was still in place. There were no witnesses to the fall. Smith died of his injuries several days later. In this action against the Eders and the prior owner, Robert Wisch, the negligence alleged to have occasioned Smith's death was, *inter alia,* the defendants' maintenance of the sun deck railing in improper repair and the Eders' failure to provide Smith with a safe place to work. At the conclusion of plaintiff's case, Special Term dismissed the complaint. We conclude that an affirmance is required. It is clear that no one knows how the deceased came to fall, or, in fact, exactly where he was located when he fell. While we have viewed the facts attendant upon the accident most favorably to the plaintiff *(Osipoff v City of New York,* 286 NY 422), they may or may not bespeak negligence of someone other than the deceased; however "In order to succeed, a cause of action must be based on more than speculation" *(Morales v Kiamesha Concord,* 43 AD2d 944). From the facts preceding and surrounding the

deceased's fall, and we note at this point the testimony of his co-worker that on many occasions he had warned the deceased "not to lean on any fence * * * I don't care who [sic] they are, I feel no fence is secure", we find that plaintiff has a cause of action based only upon "a bare possibility that the fall was caused in consequence of the negligence of the defendant[s]", a basis which over the course of many years has been considered to be insufficient (White v Lehigh Val. R. R. Co., 220 NY 131, 135; Le Boeuf v State of New York, 169 Misc 372). The circumstances of the deceased's fall imply the absence of any causative defect as clearly as they imply its presence and therefore would subject a jury to speculative evaluation of the merits of the action. Where a jury would be compelled to speculate upon various possible causes of an accident which "may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then the plaintiff is not entitled to recover, and the evidence should not be submitted to the jury" (White v Lehigh Val. R. R. Co., supra, pp 135-136; Vance v City of New York, 13 NY2d 844; Libaris v Murray, 252 App Div 781, revd on other grounds, 277 NY 691; Morales v Kiamesha Concord, supra; see, also, Verdino v Hayes, 10 AD2d 978). Finally, plaintiff may not recover under sections 240 or 315 of the Labor Law. Section 315 applies to factories and the sun deck railing was not a "device" within the meaning of section 240. Damiani, J. P., Lazer, Gibbons and O'Connor, JJ., concur.