■ GEORGE L. BEAVERS, Respondent, v FRANCES M. HANAFIN, Appellant. — Appeal from an order of the Supreme Court at Special Term (Ingraham, J.), entered June 15, 1981 in Broome County, which, *inter alia,* denied defendant's motion for summary judgment. Plaintiff worked for defendant over a period of several years as a handyman at her single-family home. On November 4, 1980, pursuant to a request by defendant, plaintiff was cleaning the gutters on defendant's home. After working for approximately one and one-half hours, plaintiff fell from the 15-foot ladder he was working upon and injured himself. Subsequently, plaintiff commenced an action against defendant based upon her alleged negligence and violation of sections 200, 240, 241 and 241-a of the Labor Law. After completion of discovery, defendant moved for summary judgment. This motion was denied and the instant appeal ensued. Initially, we note that plaintiff may not recover under sections 241 and 241-a of the Labor Law. Section 241 applies only to constructing or demolishing buildings or doing excavating in connection therewith. Section 241-a concerns only workers who are in elevator shaftways, hatchways and stairwells. Similarly, section 240 is not applicable to the present situation. Section 240 applies to the erection, demolition, repairing, altering, painting, cleaning or pointing of a building. Although plaintiff was engaged in cleaning the gutters of defendant's

home when injured, case law establishes that " ' "cleaning", as used in section 240, has reference only to "cleaning" incidental to building construction, demolition and repair work' " (*Bundy v Grant*, 29 AD2d 1017, 1018; see, also, *Connors v Boorstein*, 4 NY2d 172). This being the case, plaintiff is not subject to the protection of section 240. Further, we find no liability under common-law negligence principles. The examinations before trial reveal that no one, including plaintiff, knows how the fall came about. Indeed, examination of the record reveals that plaintiff has at most a cause of action based upon " 'a bare possibility that the fall was caused in consequence of the negligence of the defendant' ", a basis which, over the course of many years, has been considered to be insufficient" (*Smith v Wisch*, 77 AD2d 619, 620, mot for lv to app den 51 NY2d 709; see, also, *Chabot v Baer*, 82 AD2d 928, affd 55 NY2d 844). Finally, since section 200 of the Labor Law merely codifies the common-law duty to furnish a safe place to work (*Schnur v Shanray Constr. Corp.*, 31 AD2d 513), there can be no liability under this section. Consequently, there must be a reversal and summary judgment granted to defendant dismissing the complaint. Order reversed, on the law, without costs, and motion by defendant for summary judgment dismissing the complaint granted. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.