■ HAROLD BERNSTEIN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant.—Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered on or about April 1, 1985, affirmed, without costs and without disbursements. Concur—Kupferman, J. P., Fein, Milonas and Ellerin, JJ.

Lynch, J., dissents in a memorandum as follows: I dissent and would reverse and dismiss the complaint.

The plaintiff, while crossing Westchester Avenue in The Bronx on January 15, 1982, was injured when he slipped and fell in the crosswalk. At the trial of his negligence action, he testified that the ground was covered by one-half inch to an inch of snow and initially he did not see what caused his slip. On direct examination, he stated that "a few minutes" later— on redirect he said "ten minutes" later—he pushed his foot around the snow where he had fallen and discovered a patch of ice which he described as two feet "wide" and six inches "long". He said it was a thin sheet of ice and, when pressed by the court to estimate its thickness, said it was no more than a half inch. The jury found the defendant city 75% liable and the plaintiff 25% liable, netting an award of damages to the plaintiff of $99,776.25.

It is undisputed that there was a light snow on January 15 and a substantial amount on January 14 and 13. The plaintiff estimated eight to nine inches. Prior to that there had been no snowfall since January 9. The temperature remained below freezing throughout this period. The chart from the nearest National Weather Service station, La Guardia Airport, showed .2 of an inch of snow on January 9, 6.8 inches on January 13, and 3 inches on January 14. The weather station at Central Park reported .4 of an inch on January 9, 5.8 inches on January 13, and 3.5 inches on January 14. It is also undisputed that the city's work crews had spread salt or plowed or did both in the area on January 13, 14, and 15.

Assuming that the jury were to determine that the plaintiff was caused to fall by the sheet of ice he described and that it was a dangerous condition, the court in its charge cast upon it the burden of determining whether it was caused by the snowfall of January 13/14, in which case there would not be the requisite notice to the city, or by the snowfall of January 9, in which event the jury could conclude that actual or constructive notice existed. Since the court expressly charged

that the jury could not find the city liable if it found the condition resulted from the snowfall of January 13/14, we must conclude from their finding of liability that they determined the condition resulted from the snowfall of January 9.

There is no evidence from which the jury could reasonably conclude that causation lay with the snowfall of January 9 rather than that of January 13/14. If the evidence favors any date, it would be the latter. The La Guardia Airport chart, under "Weather Types", shows "Ice Pellets" on both January 13 and 14 and "Glaze" on the 14th. It shows no significant weather types on any date in January prior to the 13th. The "Ice Pellets" condition for the 13th was also reported at Central Park. The jury's determination had to have been based solely on speculation. "A cause of action must be something more than a guess" *(Digelormo v Weil,* 260 NY 192, 199). "The law is that where the evidence is capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act, that meaning must be ascribed which accords with its absence * * * The rule is well settled that where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible" *(supra,* pp 199-200; *see also, Morales v Kiamesha Concord,* 43 AD2d 944, *affd* 35 NY2d 881). I would hold that the plaintiff failed in his burden of proof of causation.