■ MARIO BARLAND, Appellant, v CRYDER HOUSE, INC., et al., Respondents. [610 NYS2d 554] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered July 7, 1993, which, *inter alia,* set aside a jury verdict finding her 25 per cent at fault and the defendant 75 per cent at fault in the happening of an accident and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The elderly plaintiff lived in the Cryder House apartment building for 22 years before the accident complained of occurred. An ornamental fountain pool was located in the building's lobby for the entire time of her residency. On October 2, 1991, the plaintiff got up from a couch in the lobby where she had been sitting while sorting her mail. The next thing she knew was that she had fallen into the fountain pool and sustained personal injuries.

During the trial, the plaintiff did not state a specific reason for her fall. In addition, her testimony on the issue was conflicting. At no time did she cite any affirmative act on the defendants' part which caused the fall. Consequently, the court's granting of the defendants' motion to set aside the verdict was proper.

Where a plaintiff is unable to give a specific reason for the cause of an alleged accident she may not recover based on pure speculation. Moreover, where there is only "a bare possibility that [a] fall was caused in consequence of the negligence of the defendant", the plaintiff is not entitled to recover (*White v Lehigh Val. R. R. Co.,* 220 NY 131, 135; *see, Morales v Kiamesha Concord,* 35 NY2d 881, *affg* 43 AD2d 944;

*Smith v Wisch,* 77 AD2d 619; *see also, Silva v 81st St. & Ave. A Corp.,* 169 AD2d 402, 404). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.