◼ RUTH P. CIASCHI, Appellant, v TAUGHANNOCK CONSTRUCTION, INC., et al., Respondents. [612 NYS2d 476] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered June 1, 1993 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for personal

injuries she sustained when she slipped and fell while walking on a sidewalk on a clear cold winter day at Lansing Village Place mall in the City of Ithaca, Tompkins County. The record indicates that it did not snow or rain the previous day. Plaintiff suffered a fractured wrist. She testified on January 7, 1993 at an examination before trial that she fell on the sidewalk in front of a concrete pillar as she was returning to her car from a five-minute visit to a nearby store. She did not see any snow or ice on the sidewalk on the way from her car to the store nor on her return. She did not see what she fell on but assumed it was ice "because I slipped so suddenly like you do on ice". Assuming it was ice, she did not know how long the ice had been there before she fell. She stated that her "[f]eet went out from under me and I just went down mostly on the rearend and thigh". In a later affidavit sworn to April 13, 1993, plaintiff explained that she did not need to inspect the sidewalk to see what she slipped on, that she had walked on ice before "and [I] certainly know when I slip on ice".

Plaintiff was accompanied by a 12-year-old boy, Jed Gantert, who stated in an affidavit sworn to April 13, 1993 that the sidewalks and parking lot were icy and slippery in places. He also said that he did not see plaintiff fall but heard her, and had seen ice in the area where she fell. However, in another statement sworn to April 23, 1993 he stated that plaintiff slipped on the surface of the parking lot next to her car.

In our view, based on this record, Supreme Court properly granted summary judgment dismissing the complaint and the order appealed from should be affirmed. Plaintiff has not set forth evidentiary facts demonstrating (1) that the fall was due to defendants' negligence in failing to remove or remedy an icy condition on the premises in question which caused plaintiff's fall, and (2) that defendants had actual notice of the icy condition or that the icy condition was visible and existed for so long a period of time that defendants in the exercise of due care should have had notice of it (see, Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Salty v Altamont Assocs., 198 AD2d 591; Paciocco v Montgomery Ward, 163 AD2d 655, 656, lv denied 77 NY2d 808). There is no proof of the size of the icy condition, its location, what caused it to form or how long it was there. Plaintiff's proof of negligence is speculative, conclusory and insufficient to establish the facts alleged. We see no reason to disturb the conclusion reached by Supreme Court in granting defendants' motion for summary judgment.

Mercure, Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.