■ MAURICE SIEGEL, Respondent, v BRUNO MOLINO, Doing Business as PIZZA BY MOLINO's, Appellant. [653 NYS2d 759] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action to recover for personal injuries he sustained when he slipped and fell on an icy sidewalk outside defendant's pizzeria. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's fall occurred during an ongoing ice storm and he had no duty to correct the icy condition of his premises during the storm. Supreme Court erred in denying that motion. Defendant established his entitlement to summary judgment by submitting proof that, at the time plaintiff fell, freezing drizzle was falling and a glaze of ice from that drizzle had formed on his sidewalk. "A landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.*, 197 AD2d 851; *accord, Lopez v Picotte Cos.*, 223 AD2d 823, 824; *Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668). Thus, defendant had no duty to take corrective action during the progress of the storm (*see, Croff v Grand Union Co.*, 205 AD2d 856; *Cerra v Perk Dev. Co., supra*). Plaintiff's submissions in opposition to the motion fail to raise a triable issue of fact whether the ice that caused plaintiff's fall had accumulated prior to the storm (*see, Croff v Grand Union Co., supra*) or whether defendant's unsuccessful efforts to remove the ice created or increased the hazard to pedestrians (*cf., Glick v City of New York*, 139 AD2d 402, 403). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.

■ In the Matter of BEAUTIFUL ONES, INC., Doing Business as CLUB DE ANDRE, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [653 NYS2d 892] —Judgment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Mahoney, J. (Appeal from Judgment of Supreme Court, Erie County, Mahoney, J.—CPLR art 78.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.