Gerald P. OLEJNICZAK and Sandra
Olejniczak, Plaintiffs,

v.

**E.I. DU PONT DE NEMOURS AND
COMPANY, Defendant.**

No. 96–CV–81A.

United States District Court,
W.D. New York.

Feb. 19, 1998.

Alan R. Feuerstein, Buffalo, NY, for Plaintiffs.

Lisa L. Smith, Philips, Lytle, Hitchcock, Blaine & Huber LLP, Buffalo, NY, for Defendant.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1), on February 16, 1996. On September 8, 1997, defendant filed a motion for summary judgment. On December 2, 1997, Magistrate Judge Carol E. Heckman filed a Report and Recommendation, recommending that defendant's motion for summary judgment be denied.

Defendant filed objections on December 15, 1997. Plaintiffs filed a response to defendant's objections on January 29, 1998. Oral argument on the objections was held on February 5, 1998.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion for summary judgment is denied. The case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, it is recommended that defendant's motion be denied.

## *BACKGROUND*

On December 21, 1995, plaintiffs commenced this action by filing a summons and verified complaint in New York State Supreme Court. On February 7, 1996, the case was removed to this court on the basis of diversity jurisdiction.

The undisputed facts are as follows. At the time of the events complained of, Mr. Olejniczak was employed by Praxair, Inc. (formerly, Union Carbide Corp.). His duties included making truck deliveries of liquid nitrogen to defendant's "Yerkes" plant in Tonawanda, New York. On January 19, 1994, he arrived at the plant between 10:00 and 11:00 a.m. for a scheduled delivery. He drove the truck to the tank area and got out. It was extremely cold, and the ground was covered with packed snow and ice (*see* Item 21, Ex. 4).

Shortly after his arrival, Mr. Olejniczak attempted to pump the liquid nitrogen from the vehicle to the tank, but was unable to get the hydraulic pump on his vehicle to work. He telephoned his employer, and was advised to use a steam hose to heat up the pump's hydraulic oil lines. Mr. Olejniczak obtained permission from the operator on duty to use a steam hose that was on the premises. The operator helped him hook up the steam hose. Mr. Olejniczak then proceeded to apply steam to different areas of his vehicle. During this process, he felt the hose catch. As he turned to look back at the hose, his feet came out from underneath him. He fell to the ground and landed on his backside.

Mr. Olejniczak alleges that his fall was caused by defendant's negligence in failing to

remove the buildup of packed ice and snow from around the liquid nitrogen storage tank area. He claims that the fall caused him to sustain permanent injuries to his back and neck, and caused emotional distress, pain, and suffering, rendering him totally disabled from work. He seeks damages in the amount of $1,000,000.00. Mrs. Olejniczak seeks $250,000.00 for loss of her husband's services (*see* Item 1).

On September 8, 1997, after substantial discovery, defendant moved for summary judgment on the following grounds:

1. Plaintiffs have failed to establish that defendant's negligence was a proximate cause of the events which resulted in Mr. Olejniczak's injury.

2. Because a storm was in progress at the time Mr. Olejniczak slipped and fell, plaintiffs have failed to establish that defendant had a duty to remove snow and ice from the tank area.

3. Mr. Olejniczak assumed the risk by continuing to work with knowledge of the slippery conditions.

Oral argument on this motion was held before the undersigned on November 17, 1997. For the following reasons, it is recommended that the motion be denied.

### DISCUSSION

#### I. Summary Judgment.

Summary judgment is appropriate if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248; *see*

*Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts, or on the basis of conjecture or surmise. *Bryant v. Maffucci, supra* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). In order to avoid summary judgment, the nonmoving party is under the obligation "to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Burke v. Bevona*, 931 F.2d 998, 1001 (2d Cir.1991). "Entry of summary judgment indicates that no reasonable jury could return a verdict for the losing party." *Coach Leatherware, Inc. v. AnnTaylor, Inc., supra*, 933 F.2d at 167. Stated slightly differently, "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1224 (2d Cir.1994).

#### II. Negligence.

■ In this diversity suit, New York law provides the applicable standards for negligence. *Weeks v. ARA Services*, 869 F.Supp. 194, 195 (S.D.N.Y.1994). Under New York law, to establish a cause of action in negligence a plaintiff must show (1) the existence of a duty on defendant's part as to the plaintiff, (2) a breach of that duty, and (3) injury suffered by the plaintiff as a result of the breach. *Kazanoff v. United States*, 945 F.2d 32, 35 (2d Cir.1991)(citing *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981)).

■ In a "snow and ice/slip and fall" case in New York, the plaintiff must also

show that the defendant had actual or constructive notice of the alleged dangerous condition that caused the plaintiff to fall and that the defendant thereafter failed to use reasonable care to remedy the condition. *Hurley v. Marriott Corp.*, 1995 WL 694614, at *2 (N.D.N.Y. November 21, 1995); *Hammond-Warner v. United States*, 797 F.Supp. 207, 210–11 (E.D.N.Y.1992); *Arcuri v. Vitolo*, 196 A.D.2d 519, 520, 601 N.Y.S.2d 173, 174 (2nd Dept.1993); *Porcari v. S.E.M. Management Corp.*, 184 A.D.2d 556, 557, 584 N.Y.S.2d 331, 332 (2d Dept.1992). In the case of constructive notice the plaintiff must show that the dangerous condition existed for a sufficient length of time prior to the accident for the defendant to have discovered and remedied it. *Hurley, supra: see also Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986).

 In addition, it is recognized that summary judgment is rarely granted in negligence cases. *See, e.g., Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 470–71 & n. 5 (2d Cir.1995); *Goddard v. Delta Airlines, Inc.*, 1997 WL 12022, at *1 (E.D.N.Y.1997); *Velsini v. Cadmus*, 152 F.R.D. 442, 443 (N.D.N.Y. 1994). This is because "[e]ach case presents a unique set of facts and negligence is determined upon resolution of those facts." *Goddard, supra.* Furthermore, "even when the facts are conceded, there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances, an issue which can rarely be decided as a matter of law." *Lugo v. LJN Toys, Ltd.*, 146 A.D.2d 168, 170, 539 N.Y.S.2d 922, 923–24 (1st Dept.1989)(quoting *Andre v. Pomeroy*, 35 N.Y.2d 361, 364, 362 N.Y.S.2d 131, 320 N.E.2d 853 (1974)), *aff'd*, 75 N.Y.2d 850 (1990). Thus, because of the wide variety of circumstances under which negligence actions arise, issues such as whether the defendant took adequate means to prevent the accident, whether the accident was foreseeable, the burden imposed on the defendant to prevent the accident, and the possible contributory negligence of the plaintiff are in most cases best left for the trier of fact to decide. *Goddard, supra.*

With this strong caveat in mind, the court turns to a discussion of the grounds raised by defendant in support of its summary judgment motion in this case.

## A. Lack of Probable Cause.

 Defendant contends that it is entitled to summary judgment because plaintiffs have failed to come forward with any evidence to show that defendant's conduct was a proximate cause of Mr. Olejniczak's injuries. Proximate or legal cause is defined as that "which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred." *Rider v. Syracuse Rapid Transit Ry. Co.*, 171 N.Y. 139, 147, 63 N.E. 836 (1902), *quoted in Caraballo v. United States*, 830 F.2d 19, 22 (2d Cir.1987). An injury is "proximately caused" by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury, and that the injury was either a direct result or a reasonably probable consequence of the act or omission. *Jund v. Town of Hempstead*, 941 F.2d 1271, 1286 (2d Cir.1991).

 Where the actual cause of the injury is undisputed, the question of whether the defendant's negligence was the proximate cause of the plaintiff's injury is a question of law for the court. *Caraballo, supra; see also Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980); *Rivera v. City of New York*, 11 N.Y.2d 856, 857, 227 N.Y.S.2d 676, 182 N.E.2d 284 (1962). The plaintiff is not required to produce direct evidence in order to prove proximate cause "to a mathematical certainty." *Hurley v. Marriott Corp., supra*, 1995 WL 694614, at *4 (citing *Gramm v. State*, 28 A.D.2d 787, 281 N.Y.S.2d 235, 237 (3rd Dept.1967), *aff'd*, 21 N.Y.2d 1025, 291 N.Y.S.2d 7, 238 N.E.2d 498 (1968)). Rather, "[c]ircumstantial evidence or common knowledge may provide a basis from which the causal sequence may be inferred." *Gramm. supra* (quoting Prosser, *Law of Torts* (3rd ed.), § 41, p. 246).

 However, even though direct evidence is not required, the plaintiff still must

provide proof "sufficient to permit a finding of proximate cause based not upon speculation, but upon the logical inferences to be drawn from the evidence." *Ellis v. County of Albany*, 205 A.D.2d 1005, 613 N.Y.S.2d 983, 984–85 (3rd Dept.1994). In other words, the injury must be "a natural and probable consequence of conditions for which defendants are responsible." *Id.* at 985; *see also Jund v. Town of Hempstead, supra; Hurley v. Marriott Corp., supra.*

■■■ During Mr. Olejniczak's deposition, the following colloquy took place:

Q. Okay. So what caused you to fall?

A. I don't know. My feet just came out from under me.

Q. And you weren't pulling on the hose at the time that you fell?

A. No. I was not.

Q. Do you know what caused your feet to come out from under you?

A. No, I do not.

(Item 18, Ex. H, p. 387).

Defendant contends that this testimony demonstrates a lack of proximate cause, requiring the court to enter summary judgment in its favor. Defendant cites *Beavers v. Hanafin*, 88 A.D.2d 683, 450 N.Y.S.2d 905 (3rd Dept.1982), in which the plaintiff sued under the New York Labor Law and common law negligence for injuries sustained when he fell from a ladder while cleaning the gutters of the defendant's house. After discovery, the defendant made a motion for summary judgment which the trial court denied. The appellate court reversed, finding the Labor Law inapplicable. The court also stated as follows:

[W]e find no liability under common law negligence principles. The examinations before trial reveal that no one, including plaintiff, knows how the fall came about: Indeed, examination of the record reveals that plaintiff has at most a cause of action based upon " 'a bare possibility that the fall was caused in consequence of the negligence of the defendant,' a basis which, over the course of many years, has been considered to be insufficient."

*Id.*, 88 A.D.2d at 684, 450 N.Y.S.2d at 906 (quoting *Smith v. Wisch*, 77 A.D.2d 619, 620, 430 N.Y.S.2d 115 (2d Dept.1990), *appeal denied*, 51 N.Y.2d 709, 434 N.Y.S.2d 1025, 415 N.E.2d 984 (1980)).

Defendants also rely on *Ciaschi v. Taughannock Construction Inc.*, 204 A.D.2d 883, 612 N.Y.S.2d 476 (3rd Dept.1994), a "snow and ice" case in which the court granted summary judgment in favor of the property owner based on the plaintiff's failure to set forth evidentiary facts demonstrating that the owner failed to remedy an icy condition on the premises of which it had actual or constructive notice. The court found that the plaintiff's deposition testimony and affidavits failed to establish "proof of the size of the icy condition, its location, what caused it to form or how long it was there . . .," and that the "[p]laintiff's proof of negligence [was] speculative, conclusory and insufficient to establish the facts alleged." *Id.* at 477.

I find the *Hurley* case more persuasive than the result reached by the courts in the *Beavers* and *Ciaschi* cases. In *Hurley*, the plaintiff slipped and fell on an icy sidewalk outside a restaurant at a service area on the New York State Thruway. The incident took place in the early hours of the morning, and there were no witnesses. During his deposition, the plaintiff was unable to say what caused him to slip and fall, and he did not recall any observations of the sidewalk's condition. The defendant moved for summary judgment on the ground that the plaintiff had failed to establish proximate cause. The court denied the motion, finding that the circumstantial evidence in the case, including the statements of rescue workers and employees as well as expert evidence about the weather conditions, supported the inference that the sidewalk was icy and "raised an issue of fact whether the icy sidewalk was the natural and probable cause of [the plaintiff's] fall." *Hurley v. Marriott Corp., supra*, 1995 WL 694614, at *5.

While the circumstantial evidence presented to this court in the parties' summary judgment papers may not equal the weight of the circumstantial evidence presented to the *Hurley* court, it is sufficient to raise a genuine issue of fact as to whether Mr. Olejnic-

zak's injuries were a proximate result of the hazardous conditions on defendant's property. Mr. Olejniczak's unrefuted deposition testimony suggests that the specific area in which he fell was covered with "snow that's been packed down and hardened" (Item 21, Ex. 4, p. 116). As discussed in further detail below, the meteorological records submitted by defendant show that there was 15 inches of snow on the ground, and 1.1 inches of precipitation fell during the day (Item 18, Ex. J, p. 1). The only area that had been salted was a small area in front of the door to the control room (id., p. 119). Alfred Zuzze, defendant's production supervisor, testified at his deposition as to the procedures usually employed by defendant to remove snow and ice from the tank area (id., Ex. 8, pp. 21–23, 31–39). However, defendant has come forward with no evidence to show that these procedures were followed on January 19, 1994, or that any measures were taken to remove the snow and ice from the area where Mr. Olejniczak was working on that day.

Drawing all reasonable inferences from this evidence in favor of the non-moving plaintiffs, I find a genuine issue of fact as to whether the icy condition of the nitrogen tank area at defendant's plant was the natural and probable cause of Mr. Olejniczak's fall. Accordingly, defendant is not entitled to summary judgment on the ground that plaintiffs have failed to establish proximate cause.

## B. Duty.

■ Defendant does not dispute that the common-law imposes on a landowner a duty to business invitees to keep its premises in a reasonably safe condition. See, e.g., Stagl v. Delta Airlines, Inc., supra, 52 F.3d at 467; see also Basso v. Miller, 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976). Rather, defendant contends that it had no duty to remove snow and ice from the tank area because a storm was in progress at or around the time of the accident. Under New York law, a party in possession or control of real property is afforded a reasonable time after the cessation of the storm or temperature fluctuations which created a dangerous condition to exercise due care in order to correct the situation. Porcari v. S.E.M. Management Corp., supra, 184 A.D.2d 556, 557, 584 N.Y.S.2d 331, 332 (citing Newsome v. Cservak, 130 A.D.2d 637, 515 N.Y.S.2d 564 (2nd Dept.1987)); see also Siegel v. Molino, 236 A.D.2d 879, 653 N.Y.S.2d 759, (4th Dept. 1997); Drake v. Prudential Insurance Co., Inc., 153 A.D.2d 924, 925, 545 N.Y.S.2d 731 (2nd Dept.1989). This rule is known as the "storm in progress" doctrine. LaDue v. G & A Group Inc., 660 N.Y.S.2d 215, 216 (3rd Dept.1997); Boyko v. Limowski, 223 A.D.2d 962, 963, 636 N.Y.S.2d 901, 902 (3rd Dept. 1996).

■ Defendant has submitted official meteorological records for January, 1994, obtained from the National Weather Service and compiled from observations taken at the Buffalo Airport (Item 18, Ex. J). These records show that on January 19, 1994, the average temperature at the airport was minus–6 degrees Fahrenheit, the extreme low average temperature for the month. There was 15 inches of snow on the ground, and 1.1 inches of precipitation fell during the day. The average wind speed was 21 mph, with peak gusts up to 39 mph. There was a total of 411 minutes of sunshine, or 72% of the total possible sunshine for the day (id., p. 1). Specific observations made at three-hour intervals show that at 1:00 p.m.[1] the sky cover registered 10,[2] the ceiling was unlimited, visibility was 2 miles, the conditions were described as "SWBS,"[3] the air temperature was minus–4 degrees Fahrenheit, the relative humidity was 68% and the wind was blowing from the southwest at 18 mph (id., p. 3).

Based on this evidence, I find that there is, at best, a factual issue as to whether defendant is entitled to the benefit of the "storm in progress" rule. For one thing, common local knowledge dictates that meteorological ob-

---

1. The parties apparently agree that the accident happened at approximately 1:00 p.m. on January 19, 1994.

2. In tenths. No explanation is provided as to whether this means the sky was completely overcast or completely clear.

3. Code for "snow showers with blowing snow."

servations of conditions on a winter day at the Buffalo Airport in Cheektowaga are not necessarily conclusive of the conditions on the same day in Tonawanda. In addition, Mr. Olejniczak's unrefuted deposition testimony suggests that it was partly sunny, clear and extremely cold, with light winds and no blowing snow, during the entire time that he was at the plant. This evidence alone makes it "impossible to conclude as a matter of law that a storm was in progress at the time of plaintiff's fall." *LaDue v. G & A Group Inc., supra.*

Defendant relies heavily on the *Siegel* and *Drake* cases, in which the Appellate Division granted summary judgment in favor of the property owners based on the "storm in progress" rule. However, in each of these cases the defendant had submitted proof sufficient to establish as a matter of law that the accident occurred either during a storm or shortly after the storm's cessation. As discussed above, defendant has not made such a showing here.

■ Additionally, plaintiffs have submitted a copy of the "Product Supply Agreement" between defendant and Union Carbide Corporation/Linde Division (Praxair's predecessor in interest (*see* Item 21, ¶ 8)). The agreement requires defendant to "provide a suitable site ... for the [liquid nitrogen] storage unit or units with access either by road or railroad siding as mutually agreed ..." (Item 21, Ex. 1, ¶ 5(a)). Plaintiffs rely on this agreement as a basis for asserting that defendant had an "enhanced" duty to provide a safe worksite for Mr. Olejniczak. While not determinative of the issues raised by defendant's summary judgment motion, it is noted that New York law recognizes the "coexistence" of contractual and common-law duties, or a contractual "enlargement" of the common-law duty, under similar circumstances. *Zuckerman v. State,* 209 A.D.2d 510, 511–12, 618 N.Y.S.2d 917, 918–19 (2d Dept.1994); *see generally Palka v. Service-*

master *Mgt. Serv. Corp.,* 83 N.Y.2d 579, 611 N.Y.S.2d 817, 634 N.E.2d 189 (1994).

For these reasons, I find that defendant is not entitled to summary judgment on the ground that it had no duty to remove snow and ice from the tank area.

### C. Assumption of Risk.

■ Finally, defendant contends that it is entitled to summary judgment because Mr. Olejniczak assumed the risk of injury when he proceeded and continued to work with full knowledge of the slippery condition of defendant's property. However, since the adoption of a comparative negligence law in 1975, codified at CPLR 1411,[4] assumption of risk is no longer a complete bar to recovery, except in cases involving express assumption of risk, *see Arbegast v. Board of Educ.,* 65 N.Y.2d 161, 490 N.Y.S.2d 751, 480 N.E.2d 365 (1985), or primary assumption of risk. *See Turcotte v. Fell,* 68 N.Y.2d 432, 510 N.Y.S.2d 49, 502 N.E.2d 964 (1986).

■ Express assumption of risk results from an "agreement in advance that defendant need not use reasonable care for the benefit of plaintiff and would not be liable for the consequence of conduct that would otherwise be negligent." *Arbegast, supra* at 169, 490 N.Y.S.2d 751, 480 N.E.2d 365. Primary assumption of risk "generally applies to situations in which the plaintiff is injured while voluntarily participating in a sporting or entertainment activity and the injury-causing event is a known, apparent or reasonably foreseeable consequence of participation." *Weller v. Colleges of the Senecas,* 217 A.D.2d 280, 283, 635 N.Y.S.2d 990, 993 (4th Dept.1995)(citing *Turcotte v. Fell, supra,* 68 N.Y.2d at 439, 510 N.Y.S.2d 49, 502 N.E.2d 964; *Cohen v. Heritage Motor Tours,* 205 A.D.2d 105, 618 N.Y.S.2d 387 (2d Dept. 1994); *Lamey v. Foley,* 188 A.D.2d 157, 594 N.Y.S.2d 490 (4th Dept.1993)).

■ This case involves neither express nor primary assumption of risk. Therefore,

---

4. New York CPLR § 1411 provides:
 In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.

"the doctrine of assumption of risk applicable here is one that does not bar recovery but only diminishes a plaintiff's recovery in the proportion which his or her culpable conduct bears to defendants culpable conduct. It is clear that summary judgment cannot be predicated upon this ... doctrine." *Comeau v. Wray*, 659 N.Y.S.2d 347, 349 (3rd Dept.1997)(citing *Cohen v. Heritage Motor Tours, supra*).

*Gabak v. Finger Lakes Tennis Club, Inc.*, 238 A.D.2d 945, 661 N.Y.S.2d 144 (4th Dept. 1997), relied on by defendant, involved primary assumption of risk applicable to voluntary participation in a sporting activity, and is not controlling.

Accordingly, defendant is not entitled to summary judgment on the ground of assumption of risk.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion for summary judgment (Item 18) be denied.

Dec. 2, 1997.