■ RACHELLE DUNN, Appellant, v 726 MAIN & PINE, INC., Doing Business as ROSARIO'S RESTAURANT et al., Respondents. [680 NYS2d 344] —Judgment and order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action

to recover for personal injuries she sustained when she slipped and fell on a snow-covered sidewalk on defendants' premises. Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. The proof is uncontroverted that a snowstorm was in progress at the time of plaintiff's fall. "A party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668; *see, Siegel v Molino*, 236 AD2d 879). Thus, defendants had no duty to take corrective action during the ongoing storm (*see, Swartz v Liberatore*, 254 AD2d 692; *Siegel v Molino, supra*). The submissions in opposition to the motions fail to raise a triable issue of fact whether plaintiff fell on ice that had formed prior to the snowstorm (*see, Swartz v Liberatore, supra; Siegel v Molino, supra; Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 857). Indeed, the meteorological data submitted by plaintiff supports the inference that ice could have formed only during the snowstorm in progress (*see, Jensen v Roohan*, 233 AD2d 587, 588).

Contrary to plaintiff's contention, the fact that discovery was not complete does not warrant denial of the motions pursuant to CPLR 3212 (f) (*see, Landes v Sullivan*, 235 AD2d 657, 658; *Mazzaferro v Barterama Corp.*, 218 AD2d 643, 644). The additional discovery sought by plaintiff, aimed at revealing defendants' actual or constructive notice of the dangerous condition of the sidewalk, would not produce evidence sufficient to defeat the motions. Regardless of whether defendants had notice, their duty to clear the ice and snow was suspended until a reasonable period of time after the storm's cessation (*see, Jensen v Roohan, supra*, at 588). (Appeal from Judgment and Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.