SARVIA WILLIAMS et al., Respondents, v GENEVA B. SCRUGGS COMMUNITY HEALTH CARE CENTER, INC., Appellant. [680 NYS2d 771] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. Defendant met its initial burden of establishing its entitlement to summary judgment by submitting proof that, at the time Sarvia Williams (plaintiff) fell, there was a snowstorm in progress. It is well settled that a landowner has no duty to remove

snow and ice during a storm (*see, Siegel v Molino*, 236 AD2d 879; *Cerra v Perk Dev.*, 197 AD2d 851). Plaintiffs, however, raised a triable issue of fact with respect to that issue (*cf., Dunn v 726 Main & Pine*, 255 AD2d 981 [decided herewith]. We reject defendant's contention that plaintiff's opposing affidavit is insufficient to defeat the motion (*cf., Andrews v Porreca*, 227 AD2d 940, 941). In any event, plaintiffs also offered an affidavit from a witness who averred that it had stopped snowing a few hours before plaintiff fell, thereby raising a triable issue of fact whether there was a snowstorm in progress at the time of the fall and, if not, whether a reasonable period of time had elapsed after the cessation of the storm to impose a duty on defendant to remove the snow and ice (*see, Cerra v Perk Dev., supra*, at 879). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present— Green, J. P., Pine, Wisner, Balio and Boehm, JJ.