Turmel v. UVM, No. S0980-01 Cncv (Katz, J., July 20, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

TURMEL

v.

UVM

ENTRY
(Motion to Reconsider)

After falling down on a UVM walkway in the midst of a snowstorm, plaintiff seeks to revive his claim of negligence against UVM based on the fact that UVM sent its snow removal crews home shortly before his fall and the fact that UVM did not provide evidence that snow and ice was had been properly removed in the area where plaintiff fell from the morning prior to his accident. By itself, the fact that UVM sent its ground crews home at 3:30—the normal end of their work day—after having already putting in an 11 hour day, does not logically suggest anything about the storm material to

the Storm in Progress Rule. It might suggest that there was no blizzard, snow emergency, or "big storm" occurring, but it does not infer that it had stopped snowing, or that the storm had ended. Moreover, this inference is not supported by any other evidence and is directly contradicted by much of the relevant evidence, including the plaintiff's own affidavit. The result is that plaintiff's argument—because it had snowed earlier and the plowing crews went home at the end of the day, the storm was over—rests solely on conjecture, which as a matter of law does not satisfy his burden for summary judgment. McKirryher v. Yager, 112 Vt. 336, 341 (1941) ("Conjecture is no proof in him who is bound to make proof.").

The more interesting issue raised by plaintiff's motion is whether UVM has a burden to show that it effectively plowed the area the morning before the accident. The inference sought is that without such evidence plaintiff may have slipped on prior accumulation that should have been removed. Plaintiff relies heavily for this inference on the factual determination in Olejniczak v. E.I. DuPont de Nemours & Co., which we cited in our previous entry for its phrasing of the Storm in Progress Rule. Compare 998 F. Supp. 274, 280 (W.D.N.Y. 1998) (discussion of proximate cause); with id. at 278 (SIP Rule). In Olejniczak, the court denied summary judgment in part because the defendants submitted no evidence showing they had removed ice and snow from the pumping area in front of liquid nitrogen tanks the day of the accident. Id. at 280. This created a factual question of whether plaintiff slipped on the inch and a half of new snow that had fallen before his delivery or the layers of hard packed ice and snow, which the evidence showed had accumulated all winter around the tanks. Id.

Setting aside for the moment the distinguishing factual features of Olejniczak, such as the busy industrial setting that makes it more akin to the

high traffic area described in <u>Budzko v. One City Center Assoc. Ltd. P'ship</u>, 767 A.2d 310 (Me. 2001), plaintiff confuses our limited application of <u>Olejniczak</u> for its statement of the Storm in Progress Rule with its proximate cause analysis. In <u>Olejniczak</u>, plaintiff's evidence suggested an on-going problem of negligent care of the tank area because the snow and ice had accumulated and "been packed down and hardened." 998 F. Supp. at 280. Thus the question was whether the defendant had properly cared for his premises throughout the winter. Since the facts suggested that plaintiff fell either because of the new snow or the old snow, the case could not be resolved on summary judgment or by application of the Storm in Progress Rule. In the present case, there is no evidence that UVM had failed to properly plow its campus in the past or had allowed snow to accumulate on the campus walkways all winter. Naturally, the walkways cannot be cleared of every flake of snow after each storm, but there is nothing to suggest a mounding or packing of snow on the walkways creating a hazard similar to <u>Olejniczak</u>. While the evidence does allow an inference that some of the accumulation involved in plaintiff's accident may have come from the morning snowstorm, the Storm in Progress Rule allows an owner a reasonable amount of time to remove the accumulated snow. Therefore, even if the morning and afternoon storms were separate, their rapid succession did not leave enough time in between to assign UVM, as a matter of law, a duty to completely remove the first storm's accumulation. We note, however, that the evidence does not support an inference that the morning and afternoon were two separate storms as there was no indication of a break in storm conditions throughout the day. Cf. <u>Neimann v. Northwestern College</u>, 389 N.W.2d 260, 262 (Minn. 1986) (SIP Rule applies to plaintiff who slipped and fell on college walkway during the second day of a three day winter storm). Either way, the Storm in Progress Rule applies to the morning and afternoon snow. Therefore, UVM, as a matter of law, did not have a duty to remove the snow from the scene prior

to plaintiff's accident.

Based on the foregoing, plaintiff's motion to reconsider is denied.

Dated at Burlington, Vermont_____, 2004.


_____
Judge